DELIA B. LEWIS, RESPONDENT, *v.* DAVID R. LEWIS, APPELLANT.

| 4 | 209 |
| 5 | 254 |
| 8 | 529 |
| 13 | 247 |
| 14 | 266 |
| 22 | 68 |
| 10* | 342 |
| 12* | 376 |
| 29? | 78 |
| 4 | 209 |
| 36 | 379 |

NOTICE OF APPEAL.—The notice of appeal from a decree need not specify the grounds of error.

SUFFICIENCY OF SURETIES.—Exception to the sufficiency of sureties to an undertaking on appeal must be made within five days from the filing of the undertaking.

APPEAL from Polk County. .

This is a suit in equity. Defendant appeals from the decree entered in the Court below. The notice of appeal is as follows: "Notice is hereby given to said plaintiff and her attorneys of record, Sullivan and McCain, that defendant appeals from the decree of said Circuit Court, rendered on the first day of May, 1871, in favor of said plaintiff and against said defendant, for the recovery and possession of about eighteen acres of land described in said decree, to the Supreme Court of said State, at the next regular term thereof, on the first Monday of September, 1871; said defendant, D. R. Lewis, assigns error in the said decree and therefore appeals from the whole thereof." This notice was duly served on May 15, 1871. The undertaking on appeal was filed on May 17, 1871. On May 30, 1871, the plaintiff caused to be served upon the defendant a notice of exception to the sufficiency of the sureties on said undertaking. The sureties failed and refused to justify,—and now the respondent files her motion to dismiss the appeal for the reasons:

"First. That notice of appeal served in said suit is insufficient; it does not intelligibly refer to the judgment or decree rendered.

"Second. There is no undertaking filed, such as the law requires, for the reason that the sureties refuse to justify as required by the statute in such case made and provided."

*Sullivan & Thompson*, for the motion.

*C. G. Curl, J. A. Applegate and P. C. Sullivan*, contra.

VOL. IV.—14

By the Court, McArthur, J.:

Upon the first point presented, we are of opinion that a notice of appeal which sets forth with reasonable certainty the decree appealed from, the Court in which the decree was rendered, the time when rendered, the names of the parties and the fact that one party or the other intends to appeal therefrom to the Supreme Court, is a sufficient notice in a suit in equity. If a party desires to appeal from a judgment in an action at law the grounds of error must be *specified*, but by reason of Subdivision 1, § 527 of the Civil Code it is otherwise when an appeal is taken from a decree in a suit in equity.

This being an appeal from a decree, we deem the notice of appeal sufficient.

The second point depends upon the construction of Subdivision 2 of § 527 (Laws 1870), which reads as follows: "Within ten days from the service of appeal, the appellant shall file with the Clerk an undertaking, as hereinafter provided. Within five days thereafter the adverse party shall except to the sufficiency of the sureties in the undertaking or he shall be deemed to have waived his right thereto." We are of opinion that the word "thereafter," used in said subdivision, refers to the time when the undertaking is filed. Exceptions, therefore, to the sufficiency of the sureties on the undertaking on appeal must be made within five days from the filing of the undertaking.

Hence the motion is denied.