## S. H. CHRISTIAN, APPELLANT, *v.* J. H. EVANS, RESPONDENT.

NOTICE OF APPEAL.—The notice of appeal must describe with reasonable certainty the decree appealed from, the court in which such decree was rendered, the time when such decree was rendered, the names of the parties and the fact that one party or the other intends to appeal to the Supreme Court.

APPEAL from Lane County.

In this suit the notice of appeal, after naming the court and giving the title of the cause, is couched in the following language: "Appeal from a judgment on a writ of review. To Messrs. Thompson & Fitch and J. J. Walton, Jr., attorneys for the plaintiff: You and each of you will please take notice that the defendant appeals from the judgment rendered in said Circuit Court at the April term thereof, 1874, upon a writ of review annulling and declaring void the judgment rendered by T. J. Holland, Esq., a justice of the peace for South Eugene Precinct, wherein the above-named defendant was plaintiff, and *against you as defendant,* for the sum," etc.

*Thompson & Fitch,* for the motion.

*George B. Dorris,* contra.

By the Court, McARTHUR, J.:

The views of this Court, in relation to what is required in a notice of appeal, have been expressed in numerous cases, the last two of which are *Lewis* v. *Lewis* (4 Or. 209), and *Whiteaker* v. *Vanschoiack.** In *Lewis* v. *Lewis,* which has been frequently cited by the Court since its decision, it is held that in case of a decree the notice of appeal must set forth with reasonable certainty, first, the decree appealed from; secondly, the court in which the decree was rendered; thirdly, the time when rendered; and fourthly, the names of the parties and the fact that one party or the other intends to appeal from the decree to the Supreme Court.

In actions at law the appellant must also specify the errors upon which he relies in the notice. As the notice in this case is defective in not describing the judgment and naming the parties thereto, it falls within the rule of the cases cited, and the motion to dismiss must prevail.

Appeal dismissed.

---

* The opinion on the motion to dismiss in *Whiteaker* v. *Vanschoiack* is not reported. It was rendered at the January Term, 1873.