[No. 731.]

AMBROSE GAUDETTE, RESPONDENT, v. WILLIAM C. GLISSAN, LOUIS SULTAN AND JOHN ROEDER, APPELLANTS.

WHEN APPEAL WILL BE DISMISSED.—When the appellant fails to furnish this court with a "notice of appeal" and "undertaking on appeal," as required by the statute, the appeal will be dismissed.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

*Pitzer & Croyland,* for Appellants.

*A. B. Hunt and George Goldthwaite,* for Respondent.

By the Court, HAWLEY, C. J.:

The proceedings in this case, entitled as above, were instituted under the provisions of section 591 of the civil practice act (1 Comp. L., 1652), upon the motion of W. S. Travis, sheriff of Lincoln county. The appellants being the sureties upon an indemnifying bond given to said sheriff. After a hearing, the court rendered a judgment in favor of the respondent A. Gaudette, and against the appellants Glissan, Sultan and Roeder, for the amount recovered against the sheriff by the plaintiff in the suit of *A. Gaudette* v. *W. S. Travis, ante,* 149.

Upon an examination of the transcript on appeal, we are unable to find any notice of appeal given upon the part of the above-named appellants, or either of them. The statute provides that "any party aggrieved may appeal" in certain cases, and that "the party appealing shall be known as the

appellant, and the adverse party as the respondent." (1 Comp. L. 1390.) It is made the duty of the appellant to furnish this court "with a transcript of the notice of appeal," and if this is not done "the appeal may be dismissed." (1 Comp. L., 1401.)

The only notice of appeal contained in the transcript reads as follows:

"A. GAUDETTE, Plaintiff, *v.* W. S. TRAVIS, Defendant.

"You will please take notice that the defendant in the above-entitled action hereby appeals to the supreme court of this state from the judgment and orders therein made and entered in the said district court on the eleventh day of March, A. D. 1875, in favor of the plaintiff in said action, and against said defendant, and from the whole thereof. * * *

"Yours, etc.,
                              "PITZER & CORSON,
                              "Attorneys for Defendant.

"To the clerk of said district court, and George Goldthwaite, Esq., attorney for plaintiff."

No judgment has been rendered against Travis in this proceeding. The only judgment in the case was, upon the motion of said Travis, entered in favor of the plaintiff, A. Gaudette, and against Glissan, Sultan and Roeder, the sureties upon the indemnifying bond, and they have not taken any appeal.

Again: "To render an appeal effectual for any purpose, in any case, a written undertaking shall be executed on the part of the appellant." (1 Comp. L. 1402.) The appellants in this proceeding have not given any undertaking on appeal. The undertaking on appeal contained in the transcript is entitled the same as the notice of appeal in the suit of A. Gaudette, plaintiff, *v.* W. S. Travis, defendant, and recites that: "Whereas the defendant in the above-entitled action appeals * * * from a judgment entered against him in said action * * *. Now, therefore, * * * we * * * do undertake and promise on the part of the appellant that

the said appellant will pay all damages and costs which may be awarded against him on the appeal."

The appellants in this proceeding having failed to furnish any notice of appeal or undertaking on appeal, as they were required to do by the above provisions of the statute, it follows that the appeal must be dismissed.

It is so ordered.