OLINGER vs. LIDDLE, JR., imp.

*October 11 — October 31, 1882.*

APPEAL TO S. C. *(1) Duplicity. (2) Notice of appeal construed.*
PRACTICE IN S. C. *(3) Written motion unnecessary. (4) When notice of motion to dismiss appeal unnecessary.*
FORECLOSURE OF MORTGAGE: PLEADING. *(5) What a sufficient demand for judgment for deficiency.*

1. A judgment of foreclosure of a mortgage and a judgment for a deficiency on the sale are each appealable, but both cannot be included in one appeal.
2. A notice of appeal is to the effect that the defendant "appeals from the judgment of foreclosure . . . and from the judgment afterwards in the same action, obtained . . . for deficiency after sale, . . . and from the whole and every part thereof." *Held,* that the specification that the appeal is "from the whole thereof" refers to both judgments.
3. The practice in this court does not require the filing of a written motion. Proof of due service of a notice of motion is sufficient.
4. Where the record discloses that an appeal has not been regularly taken, no notice of motion is necessary, but such appeal will be dismissed on oral motion, or without motion.
5. A prayer in a complaint for the foreclosure of a mortgage, "that the plaintiff may have execution for any balance remaining unpaid," etc., should, under a liberal construction, be held sufficient to authorize the entry of judgment for the deficiency, under a statute which provides for the entry of such judgment only where the complaint contains a demand therefor.

APPEAL from the Circuit Court for *Grant* County.

The action was brought against the defendants, *George Liddle, Jr.*, and his wife, to foreclose a mortgage executed by them to the plaintiff, and resulted in a judgment of foreclosure. The defendants made no appearance. The mortgaged premises were sold pursuant to the judgment. The proceeds of such sale being insufficient to pay the mortgage debt, judgment was thereafter entered against the defendant *George Liddle, Jr.*, for such deficiency,— he being personally liable for the mortgage debt. The latter thereupon appealed to this court. The notice of appeal is as follows: "Please take notice that the defendant *George Liddle, Jr.*, hereby appeals from the judgment of foreclosure, rendered by the above named court herein, entered on the twelfth day of February, A. D. 1880, in favor of the plaintiff and against the defendants, and from the judgment afterwards on June 28, 1881, in the same action, obtained by said plaintiff and respondent, for four hundred and fifteen dollars and seven cents deficiency, after sale of the premises in said judgment of foreclosure described, and from the whole and every part thereof." The plaintiff thereupon served the attorneys for the appellant with notice of a motion to this court to dismiss the appeal for duplicity.

For the appellant there were briefs by *Bushnell, Clark & Watkins*, and oral argument by *Mr. Watkins*.

*Samuel Merrick*, for the respondent.

LYON, J. The judgment of foreclosure and the judgment for deficiency are each appealable. But both cannot be included in one appeal. *Ballou v. Chicago & N. W. R'y Co.*, 53 Wis., 150. Here it is attempted to take one appeal from both judgments. This is fatal to the appeal. Counsel for appellant argued that the appeal is from the judgment for deficiency alone. He claims that the statement in the notice, that the appellant "appeals from the whole and

every part thereof," refers only to that judgment, and that the notice is inoperative as an appeal from the foreclosure judgment because the statute requires that the notice must specify whether the appeal is from the whole or some part of the judgment or order appealed. R. S., sec. 3049. We cannot adopt this view. We think the specification refers to both judgments and, were such appeals admissible, should not hesitate to review both on this appeal.

A question of practice was raised by the same learned counsel. He maintained that because no written motion to dismiss the appeal has been filed here, this court should not entertain the motion. The practice in this court does not require the filing of such motion. Proof of due service of a notice of motion is sufficient in any case. However, when the record discloses that the appeal has not been regularly taken, no notice of motion is necessary. Upon the fact appearing, the court will dismiss the appeal on oral motion, or without motion.

The cause was argued on the merits, and it was claimed that the judgment for deficiency should be reversed, because the complaint contains no sufficient prayer to authorize the entry of the judgment. The court is authorized to enter judgment for deficiency only where the complaint contains a demand therefor. R. S., 817, sec. 3156. The complaint in this action contains a demand of *execution* for any deficiency remaining unpaid after applying on the mortgage debt the proceeds of the sale of the mortgaged premises. The language is, " and that the plaintiff may have execution for any balance remaining unpaid," etc.

We deem it advisable to say we are of. the opinion that construing the complaint liberally, with a view to substantial justice between the parties (R. S., sec. 2668), it ought to be held sufficient to authorize judgment for a deficiency.

*By the Court.*— The appeal is dismissed.