MORRIS vs. BREWSTER and another.

*March 19 — April 8, 1884.*

JUSTICES' COURTS: APPEAL. *(1, 2) Requisites of notice: jurisdiction: amendment. (3) Sufficiency of affidavit.*

1. The notice of an appeal from a justice's court must be in writing, must properly designate the party by whom, the cause in which, and the judgment from which, the appeal is taken, and must be properly signed or presented to the justice by the appellant or some person authorized by him. The fact that the justice may know what is meant by a notice does not make it sufficient.
2. If the notice of appeal is materially defective the appellate court does not acquire jurisdiction even to the extent of allowing an amendment.
[3. Whether an affidavit of appeal reciting that one only of two defendants was duly sworn, etc., but signed by both, and the jurat on which certifies that it was subscribed and sworn to by both defendants, is sufficient, is not determined.]

APPEAL from the Circuit Court for *Chippewa* County.

The defendants appealed from an order of the circuit court dismissing their appeal from the municipal court of Chippewa county. The facts sufficiently appear from the opinion.

For the appellants there was a brief by *Marshall & Jenkins,* and oral argument by *Mr. Jenkins.*

*Arthur Gough,* for the respondent.

ORTON, J. The plaintiff recovered judgment before the justice for $37.87 and costs, and the following paper was presented to the justice as a notice of appeal to the circuit court:

"PATRICK MORRIS, Plaintiff, *against* L. D. BREWSTER and D. E. MILES, Defendants.

" *To Henry Coleman, Municipal Judge:* Please take notice that the above named *Patrick Morris* hereby appeals to the circuit court of the county of Chippewa from the judgment

entered in this action before ———, the above named municipal judge in and for Chippewa county, Wisconsin, in favor of the above named ——— and against the above named defendants, for the sum of $37.87 damages, and $11.53 costs.

"Yours, etc.,          D. E. MILES.

"LOREN D. BREWSTER."

The circuit court, on motion, dismissed the appeal on account of this notice being materially defective, and overruled an application to amend it, and this is the error complained of.

This is the most defective attempt to present to the justice the notice of appeal required by the statute I ever saw.

(1) The title of the case is, *Patrick Morris* against *L. D. Brewster* and *D. E. Miles.* This paper is signed *D. E. Miles* and Loren D. Brewster. These are not the names or the position of the names of the party defendants in the action. "*L. D. Brewster*" may be "Loren," or Lorenzo, or Ludwic, or any other name beginning with the letter "L." But, if the same person, the names are transposed so as to make the title of the case different. It does not appear that they are the same persons, or that the notice is in the same case. It may be said that this may be inferred, but such an inference might be wrong or false, and if so, then it is no legal or proper inference. A legal inference must have the force of a conclusion from premises. We might conjecture or guess that they are the same persons, and in the same case, but we cannot so infer or conclude.

(2) In the description of the judgment, the place for the name of the plaintiff is left blank. There is a reference to some person above named, which makes the description of the judgment in itself imperfect.

(3) The attempted appeal is from "the judgment *entered* in this action," when the statute uses the word "rendered."

(4) "The above named *Patrick Morris* hereby appeals," etc. This of itself is substantially and radically incorrect.

This is the only language in the. notice which even indicates who the appellant is. Can it be inferred that the defendants are the appellants because the notice is signed by *D. E. Miles* and Loren D. Brewster? This is not the title of the judgment defendants, and, if they are the same persons, they do not say they have appealed or wish to appeal.

It is said that the statute does not require any particular form of notice, but only "a notice of appeal;" and the learned counsel of the appellant argues with great zeal that the justice could easily "spell out" the notice which the paper was intended to express, and detect the omissions and mistakes therein, and that he must have known what was meant and intended by it. Suppose, at the same time the judgment was rendered by the justice, while the parties were still in his office and the trial and verdict were the only topic of conversation or subject of present concern, the defendants should write "We appeal to the circuit court," and sign it and present it to the justice. The justice would probably have known just what the defendants meant by it. But would it be a sufficient notice of appeal, and appear in the record as such in the circuit court? That the justice might know what it meant is not the test. The notice of appeal must express that it is an appeal, by the proper party, and in the proper case, and from the proper judgment, and in the proper time, and must be presented by the appellant or some one for him, or it is no sufficient notice to serve as the connecting link between the case before the justice and the case in the appellate court. All this is implied by the statutory requirement of a notice of appeal. The statute does not in terms require the notice to be in writing, but it is clearly implied by the requirement that it shall be made and presented to the justice. Sec. 3754, R. S.

The notice of appeal, as well as and together with the affidavit required by the statute, gives the circuit court jurisdiction of the case, and unless they substantially comply

with the statute no jurisdiction can be assumed by that court. This has been so often and so recently decided by this court that a repetition of the cases is not necessary; and I need only refer to the late case of *Evangelical L. St. P. Gemeinde v. Koehler*, 59 Wis., 650, in which previous cases are referred to, and the case of *Kidder v. Fay, ante,* p. 218. It follows that this notice, being materially defective, or in matters of substance, was no notice of appeal, and therefore there was no appeal, and the circuit court committed no error in dismissing the case from that court. This being so, of course an amendment of it, so as to make it a good and sufficient notice, would be equivalent to a new notice out of time. But such jurisdictional defects are incurable. The circuit court obtained no jurisdiction of the case, even to the extent of allowing an amendment. *Kidder v. Fay, supra; Palmer v. Peterson,* 46 Wis., 401; *Chinnock v. Stevens,* 23 Wis., 396.

There is a defect in the affidavit of appeal in this case, which, however, was not noticed on the argument or made a cause of dismissal, but which appears to me to render the affidavit so uncertain that perjury could not be assigned upon it, at least against one of the defendants, and that is, that although the affidavit recites only that *D. E. Miles,* "being duly sworn," etc., the jurat is a certificate that both *D. E. Miles* and *L. D. Brewster* subscribed and swore to it. They both sign the affidavit, and the usual jurat follows, "subscribed and sworn to before me," etc. Was this affidavit made by one or both? This may not be material, and perhaps, it being clear that *D. E. Miles,* one of the defendants, did make the affidavit, that would be sufficient. But the other defendant should not be placed in a condition in respect to the same where there would be the least uncertainty as to his liability. Where the way from a justice of the peace to the circuit court, by appeal, is so plain and so easily followed, and there is no other way to get there,

aimless and listless wandering out of and away from it has no sanction in the law, and can have no approval of the courts.

*By the Court.*— The order of the circuit court is affirmed.