[No. 14754. In Bank.— May 5, 1892.]

F. H. WIDBER, Petitioner, *v.* THE SUPERIOR
COURT OF SAN JOAQUIN COUNTY, and JO-
SEPH H. BUDD, Judge thereof, Respondents.

Writ of Error — Appealable Order — Adjudication in Insolvency. —
An order granting or refusing an adjudication in insolvency is an appeal-
able order, and therefore a writ of error will not lie.

Id. — Nature of Writ of Error — New Suit — Service of Citation. —
A writ of error is not in the nature of a writ of review, but is a new
and original suit, in which original process is issued, which must be
served upon the defendants in error, and which can only affect parties
or strangers from the service of the citation.

Insolvency — Election of Assignee — Vote by Creditor Secured in
Part. — A claim against an insolvent debtor, which is secured only in
part, may be voted as to the unsecured portion at the election of the
assignee.

Writ of error in the Supreme Court to review an
order of the Superior Court of San Joaquin County.
The facts are stated in the opinion of the court.

*E. S. Heller,* and *Carter & Smith,* for Petitioner.

*Nutter & De Vries,* for Respondents.

Garoutte, J. — This is an original proceeding by writ
of error to review the action of the superior court of
San Joaquin County in adjudging one W. W. Stockwell
an insolvent debtor, and also in allowing one E. R.
Stockwell and the Farmers' and Merchants' Bank to
vote their respective claims held against said insolvent
debtor, in the election of an assignee, and in adjudging
the election of said E. R. Stockwell as assignee of the
estate of said insolvent debtor. Respondent has moved
to quash the writ upon various grounds; among others
it is insisted that neither the court which committed the
alleged error, nor the judge thereof, is a proper party to
the proceeding; but that the persons directly interested
in the result of this litigation should be made defend-
ants and given an opportunity to be heard before their
rights are judicially declared. The controversy upon

the main questions involved appears to be so entirely
without merit that we refrain from considering the mo-
tion to quash the writ, and pass directly to the alleged
errors of law which we are called upon to review.   It is
claimed that the court erred in adjudicating Stockwell
an insolvent debtor upon his voluntary petition while
an involuntary petition therefor was pending before the
court.   It is also claimed that the court erred in allow-
ing the claim of E. R. Stockwell and the claim of the
Farmers' and Merchants' Bank to be voted for assignee.
Counsel insist that such claims were secured claims, and
that holders of secured claims are not entitled to par-
ticipate in the election of an assignee.   As to the alleged
error in adjudicating Stockwell an insolvent debtor, sec-
tion 67 of the Insolvent Act provides: " An appeal may
be taken to the supreme court, —1. From an order grant-
ing or refusing an adjudication in insolvency."   There
being an appeal from such order of the court, a writ of
error will not lie.   (*Sacramento etc. R. R. Co.* v. *Harlan,*
24 Cal. 334.)   The record and bill of exceptions make it
apparent that the claim of E. R. Stockwell was not se-
cured, and that the claim of the Farmers' and Merchants'
Bank was only secured to the extent of $675.   There can
be no question but that the unsecured portion of this
claim could be voted at the election for assignee, and
that of itself was sufficient in amount to secure the elec-
tion of the assignee declared by the court elected.   There
are many matters discussed in respondents' brief un-
necessary to consider, for the points referred to dispose
of the case.   The plaintiff in error appears to have con-
sidered this proceeding to have been in the nature of a
writ of review, but such is not the fact.   In *Lessee of Taylor*
v. *Boyd,* 3 Ohio, 354, 17 Am. Dec. 603, the court said: " In
the obvious nature and character of the proceeding, a
writ of error is a new and original suit.   Original pro-
cess issues in it and must be served to bring the adverse
party into court.   The relative character of the parties
is changed, new pleadings are made up, and a final judg-
ment upon it, though it may operate upon the original

cause, is nevertheless a termination of the new suit or process in error. . . . . We adhere to the doctrine that the writ of error is a new suit, and can only affect parties or strangers from the service of the citation."

Let the writ be dismissed, and respondent have judgment for costs.

HARRISON, J., PATERSON, J., and SHARPSTEIN, J., concurred.

McFARLAND, J., concurring. — I concur in the judgment. As to whether or not a writ of error lies, in any case, under our system, I express no opinion.