CLUNE, Respondent, vs. WRIGHT and another, Appellants.

*June 12 — June 24, 1897.*

*Appeal from justice's court: Sufficiency of notice.*

A notice of appeal from a judgment of a justice of the peace which does not specify the amount of damages or costs recovered, or the aggregate amount thereof, or give the date of the judgment other than the year in which it was rendered, is insufficient under sec. 3754, R. S., to confer jurisdiction on the circuit court.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

Plaintiff appealed to the circuit court for Marinette county from a judgment rendered against him in justice's court October 21, 1895. The judgment was for $36 damages and $52.24 costs. On the 30th day of October, after the rendition of the judgment, plaintiff paid the costs required to perfect an appeal therefrom, and delivered to the justice a proper affidavit, together with a notice, which was in the following language and form:

" State of Wisconsin, ⎱ ss.
  Marinette County. ⎰

               In Justice Court,
           " Before W. H. Humphreville,
                " Justice of the Peace.

" Daniel Clune, Plaintiff,
          vs.             Notice of
Jason K. Wright and        Appeal.
Anson F. Wright, Defendants.
To W. H. Humphreville,
        " Justice of the Peace.

" TAKE NOTICE, That the above-named plaintiff hereby appeals to the circuit court, of the county of Marinette, from the judgment rendered in this action, before William H. Humphreville, Justice of the Peace, on the —— day of ——, A. D. 1895, in favor of the above-named defendants, *Jason K. Wright* and *Anson F. Wright*, and against the above named plaintiff, for —— dollars, damages, and —— dollars, costs.

  " Dated ——, 189–.
               " B. F. Simpson, Plaintiff's Attorney."

Objection was taken in the circuit court to the sufficiency of such notice by a motion to dismiss the appeal, which motion was overruled. Such proceedings were thereafter had that judgment was rendered in plaintiff's favor, and defendants appealed.

For the appellants there was a brief by *Quinlan & Daily,* and oral argument by *W. B. Quinlan.*

For the respondent the cause was submitted on the brief of *Wigman & Martin.*

MARSHALL, J.  The trial court in due form certified to this court for consideration the single question of whether the notice of appeal was sufficient, under sec. 3754, R. S., to give the circuit court jurisdiction of the cause.  The rule is that the notice of appeal, to be effective, must properly designate the judgment appealed from.  *Morris v. Brewster,* 60 Wis. 229; *Hills v. Miles,* 13 Wis. 625.  That manifestly requires a sufficient description of the judgment in the notice to show the applicability of such notice to such judgment, without resort to extrinsic evidence.  The notice in question does not meet that requirement.  Neither the amount of the judgment for damages or costs, nor the amount in the aggregate, is given, nor the date of the judgment.  This court has often held, where the parties, the court, and the date of the judgment were correctly given, and the only error was an inaccurate description of the judgment in some particular, the description, nevertheless, being sufficient to designate the judgment intended with reasonable certainty, that the notice was sufficient; as in *Friemark v. Rosenkrans,* 81 Wis. 359, where the amount of the costs was not correctly stated, and in *Noall v. Halonen,* 84 Wis. 402, where a judgment for $162.02, damages and costs, was described as for $162.02, damages, and $5.50, costs, and in *Hender v. Ring,* 90 Wis. 358, where, in an action of replevin, the issues were found in favor of plaintiff, the value of the property was found at $45, the damages at six cents, and costs were taxed at $12.31, the notice of appeal gave the amount of the costs and damages correctly, but did not mention the value of the property or the order for its return.  Such cases come far short of holding that a notice of appeal which does not give the date

of the judgment, or describe it in any way, other than that it is the judgment rendered in the action in the year 1895, is a sufficient description.

The special question certified for decision must be answered in the negative, and the judgment reversed, and the cause remanded for further proceedings in accordance with this. opinion.

*By the Court.*— So ordered.