## HOUSER v. NOLTING.

1. A motion to dismiss an appeal from a justice need not be in writing, but it is sufficient if written notice of the grounds of the motion is given to the appellant.

2. The fact that appellee appeared generally, instead of specially, on a motion to dismiss an apppeal, did not confer general jurisdiction on the circuit court, if it was not asked to do more than dismiss the appeal.

3. An order of the circuit court dismissing an appeal from a justice will not be reversed on the ground that the notice of the motion to dismiss did not specify the grounds of the motion, where the notice, as contained in the record, shows that the dismissal was asked on the ground that no notice of appeal was given.

4. An original notice of appeal from a justice recited an appeal from a judgment rendered May 27th, with costs, for a certain amount, and was signed by defendant's attorney. The copy served on respondent's attorney recited a judgment rendered May 28, did not state the amount of costs, and was unsigned. *Held*, that under Comp. Laws, § 6129, requiring a copy of the notice as filed with the justice to be served on the adverse party, the notice was insufficient to support the appeal.

5. If a notice of appeal is left with a clerk in the office of respondent's attorney, the affidavit of notice indorsed on the notice must show that the attorney was absent at the time of service.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Roberts county. Hon. A. W. CAMPBELL, Judge.

Action by Ed. Houser against J. H. Nolting. From a judgment of the circuit court dismissing defendant's appeal from a justice of the peace, defendant appeals. Affirmed.

*E. J. Forman*, for appellant.

*Howard Babcock*, for respondent.

The facts sufficiently appear in the opinion.

CORSON, P. J. This is an appeal from an order of the circuit court dismissing an appeal taken thereto from a judgment rendered by a justice of the peace. The appellant contends that the court below erred in dismissing the appeal—First, because the respondent in the circuit court filed no written motion for the dismissal of the appeal, stating the grounds on which he would rely; second, because the respondent, in its notice of motion to dismiss the appeal appeared generally, and not specially for the purposes of the motion; third, because the notice of motion did not point out specifically the ground upon which the motion would be made; and, lastly, because the respondent failed to show that, by reason of the variance between the paper left at his office and the original notice, he was misled, prejudiced, or injured.

Appellant's first contention is untenable. Our Code does not require a motion to be in writing in such case, but the notice of motion served is sufficient. Olinger v. Liddle, 55 Wis. 621, 13 N. W. 703.

The second point made by appellant is equally untenable. When the motion is simply to dismiss the appeal, and the court is not called upon to do any act which presupposes that it has jurisdiction of the case, appearing generally and not specially will not confer jurisdiction upon the appellate court. Reedy v. Howard, 11 S. D. 160, 76 N. W. 304.

The record does not support the contention of appellant that the notice of motion does not specify the grounds upon which the motion would be made. The ground of the motion is stated to be that no notice of appeal was served on the plaintiff or his attorney.

It appears from the record in the case that a notice of appeal was served upon the justice, and a paper purporting

to be a notice of appeal without signature, was left at the office of the attorney for respondent. But the latter paper is not a copy of the original notice of appeal served upon the justice, and differs from the original in several particulars. It is stated in the original notice that the appeal is from a judgment rendered on May 27, 1897, in favor of plaintiff and against the defendant, for the sum of $42.80 principal, and $34.25 costs, and is signed, "Emuel J. Forman, attorney for Defendant." The paper left at the office of respondent's attorney purports to be taken from a judgment rendered on May 28, 1897, in favor of plaintiff and against the defendant, for the sum of $42.80 principal, and $—— costs, and is not signed, nor does it purport to be signed, by any attorney. Nothing appears on this paper to indicate that it is a copy, and it is clear, when compared with the original notice of appeal, that it is not a copy, of such original. The statute declares that an appeal may be taken "by serving a copy of the notice of appeal on the adverse party, or his attorney, and by filing the notice of appeal with the justice." Comp. Laws, § 6129. In order to perfect the appeal, therefore, it is essential that a true and correct copy of the notice filed with the justice be served upon the adverse party or his attorney; and, the paper left at the office of respondent's attorney not being such, the appeal was not taken as is contemplated by the statute. When a party is required to serve a copy of a notice or pleading, he must see to it that the paper served is a true and correct copy of the original.

Again, the affidavit of service indorsed upon the original notice was insufficient, as it did not appear therefrom that the plaintiff's attorney was absent from his office at the time the

purported copy was left with Thompson, a clerk or student in the office. Comp. Laws, § 5328. Where one relies upon substituted service, it must affirmatively appear that the conditions specified by the statute exist to authorize such service. And in taking an appeal the burden is upon the party appealing to show that all the required steps have been taken to perfect the appeal. Machine Co. v. Skau 10 S. D. 636, 75 N.W. 199.

The court below was clearly correct in making the order dismissing the appeal. The order of the circuit court is affirmed.