Points decided.

[No. 1733.]

# STATE OF NEVADA, RESPONDENT, v. M. R. PRESTON AND JOSEPH' SMITH, APPELLANTS.

1. CRIMINAL LAW—APPEAL—NOTICE—SUFFICIENCY.  Under Crim. Prac. Act, sec. 474 (Comp. Laws, 4439), requiring a criminal appeal to be taken by a written notice that appellant "appeals," a notice that it is his "intention" to appeal is defective.

2. SAME—NECESSITY FOR SUFFICIENT NOTICE.  Under Crim. Prac. Act, secs. 474, 475 (Comp. Laws, 4439, 4440), requiring a criminal appeal to be taken by service of a written notice on the clerk of the trial court, that appellant appeals, with similar notice to the district attorney, when defendant appeals, filing and service of a proper notice, are essential to confer jurisdiction on the supreme court.

3. SAME—SUFFICIENCY OF NOTICE.  A notice that two persons convicted of murder and manslaughter respectively intend to appeal from "the judgment of the district court herein" is fatally defective as insufficiently identifying the judgment or judgments from which appeal was intended to be taken, and for failing to show that each appealed from the judgment against him.

4. SAME.  Substantial compliance with statutes regulating criminal appeals is essential to the supreme court's jurisdiction of an appeal.

## ON PETITION FOR REHEARING.

1. CRIMINAL LAW—APPEAL—REVIEW OF FACTS.  Under the Constitution, providing that the supreme court shall have appellate jurisdiction on questions of law alone in criminal cases, that the right of trial by jury shall remain inviolate, etc., the supreme court will not determine questions of fact on which a verdict is based.

2. SAME—REVIEW ON APPEAL.  The statutory appeal from a judgment of conviction and from an order denying a new trial clothes the supreme court with power to review every question affecting the rights of accused, provided substantial compliance is had with the statutes.

3. SAME—"APPEAL"—"WRIT OF ERROR."  An "appeal" is a statutory right, and is the continuation of the original suit; while a "writ of error" is an independent action, in the nature of a new and original suit.

4. SAME—RIGHT TO PROSECUTE WRIT OF ERROR.  Whether one convicted of crime is entitled to have the judgment reviewed on writ of error cannot be determined on a petition for a rehearing after the dismissal of his appeal, but only on appropriate proceedings for the writ, when all parties interested can be heard.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *Frank P. Langan*, Judge.

M. R. Preston and Joseph Smith were convicted, respectively, of murder in the second degree and manslaughter, and

they appeal. The State moves to dismiss the appeal. **Appeal dismissed.** Petition for rehearing. **Denied.**

The facts sufficiently appear in the opinion.

*O. N. Hilton, Frank J. Hangs,* and *P. M. Bowler, Jr.,* for Appellants.

*R. C. Stoddard,* Attorney-General, for Respondent.

*Per Curiam:*

Appellants were jointly tried in the First Judicial District Court of Nevada in and for Esmeralda County upon an indictment charging them with the crime of murder for the killing of John Silva, a restaurant keeper of Goldfield, on the 10th day of March, 1907. Verdicts of murder in the second degree against M. R. Preston and of voluntary manslaughter against Joseph Smith were returned by the jury, and they were sentenced, respectively, to twenty-five and ten years' imprisonment in the Nevada State Penitentiary by the district judge of said court. A motion for a new trial interposed by defendants was overruled by said district judge, and appellants now invoke the aid of this court to reverse the mandate of the lower court.

The respondent moves to dismiss the proceedings instituted by appellants upon the ground generally that this court has no jurisdiction to determine the questions in controversy because the proceedings of appellants on appeal have not been perfected in accordance with law or at all and are fatally defective, upon the following grounds more specifically, to wit: (1) That there was no service on the clerk or the district attorney of the alleged notice of appeal: (2) That the alleged notice of appeal is insufficient to confer jurisdiction upon the supreme court herein. (3) That no record on appeal in the form and as required by law has ever been filed in the supreme court. (4) That the said alleged volume or transcript of evidence should be stricken from the files of the supreme court, for the reason that the same is no part of the record on appeal required or provided by law. The following sections of the criminal practice act of Nevada treating

of the manner of perfecting appeals in criminal cases to the supreme court of this state provide as follows:

"Sec. 473. An appeal must be taken within three months after the judgment is rendered." (Section 4438, Comp. Laws.)

"Sec. 474. An appeal must be taken by the service of a notice in writing on the clerk of the court in which the action was tried, stating that the appellant appeals from the judgment." (Section 4439, Comp. Laws.)

"Sec. 475. If the appeal be taken by the defendant, a similar notice must be served on the district attorney." (Section 4440, Comp. Laws.)

The following is a copy of the only instrument filed in the present case, which defendants maintain is the notice of appeal on which they base their appellate proceedings, after entitling court and cause: "To E. Hardy, Clerk of the District Court, and A. H. Swallow, District Attorney. You, and each of you, are hereby notified that it is the intention of the defendants in the above-entitled cause of action to appeal from the judgment of the district court herein to the Supreme Court of the State of Nevada, and that we tender, together with this notice, to you, E. Hardy, clerk of the district court, the original copy of the bill of exceptions herein, and to you, A. H. Swallow, district attorney, a true copy of the bill of exceptions herein, and we hereby notify you both that we will ask the judge of the district court on Monday, June 10, 1907, at the incoming of court on said day, to allow and settle said bill of exceptions. P. M. Bowler and Frank J. Hangs, Attorneys for Defendants."

It will be observed from reading the said instrument that the defendants notify the clerk and district attorney "that it is the intention of the defendants in the above-entitled cause of action to appeal." They do not state that they appeal from the judgments rendered against them. Neither do they state that they do appeal. Their notice, literally construed, is a mere notification to the clerk and district attorney that they intend to appeal, which is a totally different matter from appealing as required by the statute in order to start the appellate machinery in motion. Their intention to appeal may or may not be abandoned. The

intent to do and the doing of an act are distinct and separate matters. The supreme court of this state has heretofore held that a notice similar to the above is faulty. . (*Simpson* v. *Ogg*, 18 Nev. 29.)

In the latter case this court, in speaking of the notice, said: "It is stated in the notice that the defendants 'will' appeal, when it ought to state that they 'do' appeal." It is, however, unnecessary to determine whether the notice is, for this reason, so irregular as to constitute a fatal defect, for in other respects it is clearly insufficient. It would appear that it was the intention of the attorneys for defendants, through said alleged notice of appeal, to give notice to the clerk and district attorney of a certain date and place at which they would ask the judge of the district court to allow and settle their bill of exceptions, and thereafter a proper notice of appeal would be expected to be filed by said attorneys in behalf of the defendants. No further notice of appeal, however, was ever filed or served on the clerk or district attorney. The above-quoted instrument was served on the district attorney two days before it was filed and served on the county clerk, and no other notice was ever served on the district attorney.

This court has held in a number of appeals in civil cases that the notice of appeal must be filed before served upon opposing counsel, or the appeal will be fatally defective. (*Lyon County* v. *Washoe County*, 8 Nev. 177; *Johnson* v. *Badger Co.*, 12 Nev. 261; *Reese Co.* v. *Rye Patch Co.*, 15 Nev. 341; *Spafford* v. *White River V. Co.*, 24 Nev. 184.) The language of the statute regulating appeals in criminal cases is somewhat different from that in civil cases; and, while it would unquestionably be the better practice in criminal appeals to file the notice before serving, it is unnecessary now to determine whether a failure so to do would be fatally defective. As the filing and service of a proper notice of appeal on the county clerk and district attorney as required by law are essential to perfect an appeal, it follows that a failure to so file and serve such a notice fails to clothe this court with jurisdiction. (*Territory* v. *Hanna*, 5 Mont. 246, 5 Pac. 250; *Courtright* v. *Berkins*, 2 Mont. 404; *Redhead* v. *Baker*, 80 Iowa,

162, 45 N. W. 733; *State* v. *Clossner*, 84 Iowa, 402, 51 N. W. 16; *Anderson* v. *Halthusen*, 30 Utah, 31, 83 Pac. 560; *People* v. *Colon*, 119 Cal. 668, 51 Pac. 1082; *People* v. *Phillips*, 45 Cal. 44; *People* v. *Bell*, 70 Cal. 33, 11 Pac. 327; *People* v. *Clark*, 49 Cal. 455; *Morris* v. *Brewster*, 60 Wis. 229, 19 N. W. 50; *State* v. *Gibbs*, 10 Mont. 210, 25 Pac. 289, 10 L. R. A. 749; 2 Ency. Pl. & Pr. 210.)

A further observation of the alleged notice of appeal reveals that it is fatally defective for uncertainty, in view of the fact that it does not sufficiently describe or identify the judgment or judgments from which it is intended to appeal, and that it fails to state the date of the rendition or entry of the judgment or otherwise sufficiently or at all describe the said judgments or either of them. The alleged notice of appeal states: "That it is the intention of the defendants in the above-entitled cause of action to appeal from the judgment of the district court herein to the Supreme Court of the State of Nevada." The record in the present case discloses that there were two separate verdicts and judgments rendered, one against the defendant Smith for voluntary manslaughter, for which he was ordered confined in the penitentiary for the period of ten years, and another verdict of the jury and judgment of the court thereon against the defendant Preston for murder in the second degree, for which he was sentenced to twenty-five years' imprisonment. Can it be said in this case from which judgment the alleged appeal was intended to have been taken? Could it be said by this court or any one else that the judgment to be appealed from was the judgment rendered against Smith or against Preston, or definitely could it be stated that the appeal was to have been taken from both judgments when the alleged notice of appeal states but one judgment? We think not. Preston had not an appealable interest in the judgment against Smith, nor Smith in that against Preston. It was essential that the notice state that each appealed from the judgment against himself. The judgment or order appealed from should be sufficiently described in the notice of appeal, so as to leave no doubt as to its identity. If it fails to do so, it is fatally defective. (2 Cyc. 866; *Christian* v. *Evans*, 5 Or. 253; *Oliver*

*v. Harvey*, 5 Or. 361; *Luse* v. *Luse*, 9 Or. 149; *State* v. *Gibbs*, 10 Mont. 210, 25 Pac. 289, 10 L. R. A. 749; *Schnabel* v. *Thomas*, 92 Mo. App. 180; *State* v. *Hammond*, 92 Mo. App. 231; *Thomas* v. *Missouri*, 89 Mo. App. 12; Fairall on Crim. Proced. p. 462; *People* v. *Center*, 61 Cal. 194; 2 Ency. Pl. & Pr. 217; *Olinger* v. *Liddle*, 55 Wis. 621, 13 N. W. 703; *Meley* v. *Boulon*, 104 Cal. 262, 37 Pac. 931.)

There are many other irregularities and defects in the proceedings of defendants attempting to perfect this appeal, but in view of the fatality of the notice of appeal, which is essential to confer jurisdiction on this court, it is unnecessary to comment on them. The opinions are numerous in holding that, unless a court has jurisdiction to consider questions in controversy it cannot do so. (*Marx* v. *Lewis*, 24 Nev. 306.) In the present proceedings the motion to dismiss herein is interposed and vigorously urged by respondent. The supreme court of this state, to be clothed with jurisdiction to adjudicate whatever questions are properly raised by an appeal from an inferior court, must be connected with the proceedings had in the lower court substantially in the manner required by the statutes regulating appeals; otherwise this court acquires no jurisdiction. If any of these essential links required by mandatory statutes and necessary to give this court jurisdiction are lacking, the attempted appeal confers no jurisdiction on this court, and the proceedings must be dismissed. This court in the case of *Burbank* v. *Rivers*, 20 Nev. 83, said: "The method of taking appeals and the questions to be considered thereunder by the appellate court are matters of purely statutory regulation." (*Kirman* v. *Johnson*, 30 Nev. 146; *Burbank* v. *Rivers*, 20 Nev. 81; *Gaudette* v. *Glissan*, 11 Nev. 184; 2 Cyc. 868, and authorities there cited; 2 Ency. Pl. & Pr. 213.) No legal notice of appeal in this case having been filed and served in this proceeding, this court is without jurisdiction to consider the questions attempted to be raised.

As was said in the case of *Marx* v. *Lewis*, 24 Nev. 306, quoting with approval the language of this court in *Sherman* v. *Shaw*, 9 Nev. 152: "It is as unsatisfactory to the court, as it is to counsel, to have cases disposed of upon mere ques-

tions of practice, but it must be remembered that the rules of practice are as obligatory upon us as upon the parties to a suit, and, if attorneys desire to have their cases examined upon the merits, they must comply with the plain provisions of the statute and the rules' of practice established by the court." So, in the present case, it is with reluctance, especially in view of the vast amount of labor expended in the preparation of the briefs and arguments presented upon the merits of this case, that we dismiss proceedings brought to this court otherwise than on the merits, but in the present case, being without jurisdiction, we have no alternative.

The proceedings are dismissed.

## ON PETITION FOR REHEARING.

*Per Curiam:*

Counsel for appellants have filed a petition for a rehearing, and pray that the same may be granted "to the end that the judgment to dismiss be so modified as to authorize the docketing of the within case as upon error." The correctness of the ruling of this court that the appeal was not properly perfected, so as to confer jurisdiction to consider and determine the case upon its merits by the statutory method of appeal is not questioned. Indeed, counsel in their petition now seriously question the appropriateness of an appeal in this case at all. They say: "To our mind, if the attorney-general had contended that the defendants had no right to a review in this case upon its merits by appeal, for the reason that the Constitution of the State of Nevada limited the appellate jurisdiction of the supreme court in criminal cases amounting to a felony to only questions of law, his contention would have been sound, and the appeal should have been dismissed, as there is no statutory provision for a review of final judgments in cases of felony on their merits in the supreme court of the state, and the only remedy which a defendant could avail himself of would be the common-law writ of error."

This is a position entirely new, and is not a little startling, in view of the practice that has prevailed in this state from its organization to the present time. Our Constitution pro-

vides that the supreme court shall have "appellate jurisdiction on questions of law alone in criminal cases," that the "right of trial by jury shall be secured to all and remain inviolate forever," and that "judges shall not charge juries in respect to matters of fact"; and this court has uniformly held that it will not determine regarding conflicting evidence and questions of fact on which a verdict is based. The statutory appeal from a judgment and from an order denying a motion for a new trial has, so far as we are aware, been considered ample to clothe this court with power to review every question affecting a defendant's rights, providing substantial compliance be had with the plain provisions of the statute. What more, if anything, could be accomplished by the common-law writ of error is not manifestly apparent.

There is neither a constitutional nor statutory provision specifically authorizing writs of error in this state, although the rules of this court contemplate that the writ may issue in appropriate cases. See Rules 18–22, inclusive (pages 14, 15 of this volume). The appellate courts of many states, where common-law practice largely prevails, review proceedings in the lower courts mainly by writs of error. In other jurisdictions, by constitutional or statutory provision, or both, it has been held, as in Colorado, that "the appeal is merely cumulative to the common-law process of writ of error. The statute which gives the former does not take away the latter. The party may in the first instance, as will be confessed, adopt either, at his pleasure." (*Freas* v. *Engelbrecht*, 3 Colo. 381; 7 Ency. Pl. & Pr. 852, and note 2.) In other jurisdictions it has been held "that a writ of error does not lie where a party is entitled to an appeal, and that, too, although the statute giving the right of appeal does not expressly provide that such remedy shall be exclusive. In such case the right to a writ of error is considered abolished by implication. The reasons on which the rule is founded are that the remedy by appeal is more simple, more prompt, less expensive, and less circuitous." (Ency. Pl. & Pr., *supra.*) To this rule certain exceptions are noted in the text, like those referred to in certain criminal cases cited from the Supreme Court of Massachusetts.

In the case of *Cooke et al., Petitioners*, 15 Pick. (Mass.) 234, 239, cited in counsel's petition, the court, after considering whether a writ of *certiorari* would lie in the case, said: "We think, therefore, a writ of error is the proper remedy in all these cases, unless the right has been taken away in the cases tried in the municipal court, from the judgments of which the petitioners were entitled to appeal, which the attorney-general contends takes away the remedy by writ of error by reasonable implication, and in civil actions it has been so decided; the remedy by appeal being considered the easier and more beneficial remedy. But in criminal cases, so far from the remedy by appeal being an easier and more beneficial remedy for the convict, it not unfrequently happens that he is wholly unable to avail himself of that remedy, by reason of his inability to procure sureties to recognize with him for the appeal and abiding the order of the court thereon. To decide in such cases that the convict's right to sue out a writ of error to reverse an erroneous judgment has been taken away by a reasonable implication would be a hard decision, and cannot be warranted by any of the reasons given for the decisions of the court in civil suits."

Whether such an exception could be made under our practice is manifestly open to serious question, for in this state, while appellants in civil cases are required to furnish an undertaking on appeal, no undertaking whatever is required in criminal cases. The question, however, whether the defendants are entitled to have the judgments against them reviewed upon a writ of error—a question that is new to this court—cannot be determined upon this petition. Counsel for appellants correctly state the situation when they say: "There is a marked distinction between appeals and writs of error as remedies after final judgment. An appeal is a statutory right, and is the continuation of the original suit; while writs of error are new suits, and are the common-law writs of right."

"It is a well-established principle of appellate procedure that a writ of error is an independent action in the nature and with the general characteristics of a new and original suit." (7 Ency. Pl. & Pr. p. 823, and note 4.)

In *Lessee of Taylor* v. *Boyd*, 3 Ohio, 354, 17 Am. Dec. 603, the court said: "In the obvious nature and character of the proceeding, a writ of error is a new and original suit. Original process issues in it, and must be served to bring the adverse party into court. The relative character of the parties is changed, new pleadings are made up and a final judgment upon it, though it may operate upon the original cause, is nevertheless a termination of the new suit, or process in error. * * * We adhere to the doctrine that the writ of error is a new suit, and can only affect parties or strangers from the service of the citation." The foregoing from the Ohio court was quoted with approval in *Widber* v. *Superior Court*, 94 Cal. 430, 29 Pac. 870.

The right of the defendants to a writ or writs of error to review the judgments against them can only be determined upon appropriate proceedings for such writ, when all parties interested can be heard upon questions which such proceedings would involve. If, as contended by counsel for defendants, an appeal is merely cumulative to the remedy by writ of error, and such remedy exists independent of the remedy by appeal, there is nothing in the opinion on motion to dismiss the appeal which could be construed as concluding the defendants from availing themselves of the remedy by writ of error, if such remedy exists, as no such question was presented or determined.

The petition for a rehearing is denied.