## IN RE ESTATE OF MARY PEARSON, DECEDENT.

## SIGFRIED PEARSON v. I. P. FLATEN, AS REPRESENTATIVE OF ESTATE OF MARY PEARSON, DECEDENT.[1]

March 29, 1923.

No. 23,287.

**One notice of appeal can include two appeals.**

1. A party desiring to appeal from two orders or judgments in the same proceeding may include both in a single notice.

**Action of probate court not equivalent to common law arbitration.**

2. Where the probate court in a final decree and an order allowing a final account assumes to determine matters over which it had no jurisdiction, its action cannot be given effect as a common law arbitration.

**Jurisdiction not conferred by consent.**

3. Jurisdiction over the subject matter cannot be conferred by consent.

[1]Reported in 192 N. W. 937.

**When district court may remand case to probate court.**

4. Where, on appeal from a final decree and an order allowing a final account, it appears that the estate had not been fully administered, the district court may, in its discretion, remand the case to the probate court.

In the matter of the estate of Mary Pearson, deceased, I. P. Flaten filed his final account as representative of the estate in the probate court for Yellow Medicine county. Sigfried Pearson filed objections to claims against him set out in the final account. The matter was heard by Hall, J., who allowed the final account of the administrator. From the order of the probate court allowing the final account and distributing the estate, Pearson appealed to the district court for that county where the appeal was heard by Daly, J., who reversed the order of the probate court. The motion of Flaten for amended findings and conclusion was denied. From an order denying his motion for a new trial, I. P. Flaten appealed. Affirmed.

*C. A. Fosnes, John C. Haave* and *Bert O. Loe,* for appellant.

*J. M. Freeman* and *H. P. Bengston,* for respondent.

TAYLOR, C.

Mary Pearson died intestate November 28, 1919, possessed of considerable property, and leaving her husband, Sigfried Pearson, and two children of a former marriage as her only heirs. The pro-probate court appointed I. P. Flaten as administrator of her estate and Nels Martenson as guardian of the children. Flaten presented his final account to the probate court and it came on for hearing November 15, 1920. In this account, among other things, Flaten set forth claims of the estate against Sigfried Pearson aggregating nearly $3,000. Pearson disputed these claims or the larger part of them, and filed objections to the account. The principal dispute was over a claim that the estate was entitled to something over $1,800 out of the proceeds of a tract of land which Pearson had bought in his own name and resold at a profit. Flaten asserted that the decedent had furnished the money for this deal. At the hearing in the probate court, all the parties conceded that these claims were not within the jurisdiction of that court, and appar-

ently because they were pending and unsettled the court continued the hearing until it should be brought on again by agreement. A year passed without any action being taken to enforce these claims or settle the account. In the latter part of November, 1921, Pearson, Flaten and Martenson appeared before the judge of probate without attorneys and requested him to decide the claims and settle the account. On November 29, 1921, the probate court made an order settling and allowing the final account. In this order the court found and determined the amount in the hands of the administrator for distribution, and further found and determined that all the amounts claimed to be due from Pearson were assets of the estate in the hands of Pearson and a part of the residue for distribution. At the same time the court made a final decree distributing and assigning the property. In this decree the court included the claims against Pearson as a part of the sum to be distributed, deducted the amount of these claims from the distributive share found due Pearson and assigned him only the balance remaining after such deduction. Pearson appealed to the district court. The district court ordered judgment reversing the probate court. The administrator made a motion for a new trial and appealed from the order denying it.

The administrator contended in the district court, and contends here, that the appeal from the probate court should be dismissed on the ground that the notice of appeal was fatally defective. The objection urged is that the notice was to the effect that the appeal was taken from the order allowing the final account and from the order distributing the residue of the estate; that both these orders or decrees were appealable; and that a notice specifying that an appeal is taken from two appealable orders is bad for duplicity. There is authority to that effect. Olinger v. Diddle, 55 Wis. 621, 13 N. W. 703. But where a party desires to take two appeals in the same case or proceeding, we think he may include both in a single notice. Other courts so hold. 2 R. C. L. 108.

The administrator further contends that the proceedings before the judge of probate amounted to a common law arbitration of the claims in controversy, and should be given effect as such. The claims were asserted in the final account presented to and pending

in the probate court. The parties appeared before the judge of that court at the probate office and stated their respective contentions. While he said that he had no jurisdiction of these claims unless they were voluntarily submitted, nothing was said about arbitration. Both the order and the decree were made as the acts of the probate court, not as the acts of an arbitrator, and are relied upon as the acts of that court. It is the fact that they are decisions of the court that gives them their force and effect, and they cannot be given effect as an award in arbitration. Jurisdiction of the subject matter could not be conferred on the court by consent. Dunnell, Minn. Dig. §§ 476, 9071. As it is conceded that the probate court had no jurisdiction over the matters upon which it assumed to adjudicate, its action was properly reversed by the district court.

The administrator also contends that the district court ought to have heard the case on the merits and made the order which the probate court should have made, instead of remanding the case to the probate court. There would be force to this contention if he had fully administered the estate and was in position to insist that his final account be settled and allowed. But he reported debts aggregating nearly $3,000 due the estate which he had not collected nor attempted to collect, and he offered no excuse for his failure to do so. It was his duty to collect all debts due the estate or show that they remained uncollected without his fault. Having done neither and these claims not being charged against him in his account, he is not in position to complain because the district court, in its discretion, sent the case back to the probate court to give him an opportunity to complete his duties. We cannot say that the district court erred in holding that the estate had not been fully administered, especially as the administrator is the only party appealing.

Order affirmed.