KITCHENMASTER and another, Appellants, vs. MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

*January 8—February 15, 1946.*

336

For the appellants there were briefs by *Michael Burns* of Seymour, attorney, and *Fischer, Brunner & Strossenreuther* of Shawano of counsel, and oral argument by *Mr. Burns* and *Mr. L. J. Brunner.*

For the respondent there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein, Jr.*

ROSENBERRY, C. J.    It is the contention of the defendant that the notice of appeal is fatally defective.    A copy of the notice follows:

County Court                        Shawano County
               Circuit Court Branch
Walter Kitchenmaster and Leslie Kitchenmaster by his
general guardian, Walter Kitchenmaster,

Plaintiffs

vs.

Mutual Automobile Insurance Company of the Town
of Herman

Defendant

TO: Puhr & Peters, and M. G. Eberlein, of Counsel,
Attorneys for said defendant, and to W. F. Kumm,
Clerk of said Court:

PLEASE TAKE NOTICE that Mutual Automobile
Insurance Company of the Town of Herman appeals to
the Supreme Court of the State of Wisconsin from the
judgment made and rendered herein by the County Court,
Circuit Court Branch of Shawano County, Wisconsin,
and entered therein on the 31st day of May, 1945.
Dated August, 1945.
Michael Burns, and Fischer, Brunner & Strossenreuther
By L. J. Brunner, Attorneys for Plaintiffs.

There was a motion on behalf of the plaintiffs to amend
the notice by inserting the name of the plaintiffs instead of that
of the defendant in the body of the notice. The applicable
statutes are secs. 274.32 and 269.51, which are set out in the
margin.[1]

---

[1] 274.32   When a party shall in good faith give notice of appeal
and shall omit, through mistake or accident, to do any other act
necessary to perfect the appeal or make it effectual or to stay pro-
ceedings, the court from which the appeal is taken or the presiding
judge thereof, or the supreme court or one of the justices thereof, may
permit an amendment or the *proper act to be done,* on such terms as
may be just.

269.51   *Irregularities and lack of jurisdiction waived on appeal;
jurisdiction exercised; transfer to proper court.*   (1) When an ap-
peal from any court, tribunal, officer or board is attempted to any court
and return is duly made to such court, the respondent shall be deemed
to have waived all objections to the regularity or sufficiency of the
appeal or to the jurisdiction of the appellate court, unless he shall
move to dismiss such appeal before taking or participating in any
other proceedings in said appellate court.   If it shall appear upon the

It is contended here that by stipulating as to the settlement of a bill of exceptions, the defendant brought itself within the provisions of sec. 269.51 (1), Stats., relating to waiver. It is manifest that by the making of that stipulation the defendant did not participate "in any other proceedings in said appellate court." The supreme court has nothing to do with settlement of a bill of exceptions. That is a matter for the trial court.

In the case of *Stevens v. Jacobs* (1937), 226 Wis. 198, 202, 275 N. W. 555, 276 N. W. 638, the applicable part of sec. 274.32, Stats., was under consideration. The court said:

"The language of the statute above italicized indicates that the meaning of the statute is that where 'notice of appeal' has in good faith been 'given,' and any other act necessary to perfect the appeal has been omitted through mistake or accident, this court may permit an amendment to any defective paper, or permit the act omitted that is necessary to 'perfect the appeal' to be done. The 'any other act' which the court may permit to be done is any act other than service of notice of appeal. Service of notice of appeal is an absolute prerequisite of appeal. It constitutes the appeal." See also *Estate of Pitcher* (1942), 240 Wis. 356, 2 N. W. (2d) 729.

It is difficult to see how it can be argued that this court has jurisdiction to amend the notice of appeal unless a sufficient notice has been given. If the notice is sufficient to give the court jurisdiction to make an amendment no amendment is

hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken.

(2) If the tribunal from which an appeal is taken had no jurisdiction of the subject matter and the court to which the appeal is taken has such jurisdiction, said court shall, if it appear that the action or proceeding was commenced in the good faith and belief that the first-named tribunal possessed jurisdiction, allow it to proceed as if originally commenced in the proper court and shall allow the pleadings and proceedings to be amended accordingly; and in all cases in every court where objection to its jurisdiction is sustained the cause shall be certified to some court having jurisdiction, provided it appear that the error arose from mistake.

necessary. If the notice is insufficient to give the court jurisdiction, how can it act if it has no jurisdiction? There seems to be no answer to this question except the one given in *Stevens v. Jacobs, supra.* Once a sufficient notice is served within the period provided by statute, this court then has jurisdiction to correct the appeal in any other respect as provided in sec. 269.51, Stats.

Sec. 274.11 (1), Stats., is as follows:

"An appeal is taken by serving a notice of appeal, signed by the appellant or his attorney, on the adverse party and on the clerk of the court in which the judgment or order appealed from is entered, stating whether the appeal is from the whole or some part thereof, and if from a part only, specifying the part appealed from."

Considering nothing but what appears upon the face of the notice, it is obvious that the insertion of the words "Mutual Automobile Insurance Company" in the body of the notice is a clerical error, and that upon consideration of the entire notice it is clearly apparent that it is the plaintiffs and not the defendant that is appealing. If it is claimed that the Mutual Automobile Insurance Company of the Town of Herman is appealing, then the notice is not signed and is no notice because Michael Burns and Fischer, Brunner & Strossenreuther were attorneys for the plaintiffs and not the insurance company. The notice is addressed to counsel for the defendant. Counsel for the defendant would scarcely be giving a notice to themselves. For these reasons we conclude that the notice upon its face is sufficient to give this court jurisdiction.

The defendant cites and relies upon the case of *Morris v. Brewster* (1884), 60 Wis. 229, 231, 19 N. W. 50, but in that case, as the court pointed out, the notice was so defective that it could not be determined from the face of the notice who appealed and therefore was fatally defective. The court said:

"The notice of appeal must express that it is an appeal, by the proper party, and in the proper case, and from the proper

judgment, and in the proper time, and must be presented by the appellant or some one for him, or it is no sufficient notice to serve as the connecting link between the case before the justice and the case in the appellate court."

It is argued in this case that the defendant could not be misled by reason of the mistake in the notice. It is obvious that the court cannot take into consideration matters extraneous from the notice in order to determine whether the notice is good because the opposite party has not been misled. If it does that it thereby assumes jurisdiction for the purpose of determining a question of fact. The sufficiency of the notice must be determined from the face of the notice alone. If taking the notice as a whole it does not appear with reasonable certainty who is appealing, from what judgment, in what court, and to what court, the notice is fatally defective.

*By the Court.*—Motions denied without costs.