[Crim. No. 161. In Bank.—August 13, 1896.]

THE PEOPLE, RESPONDENT, *v.* F. B. KENNETT APPELLANT.

CRIMINAL LAW—HOMICIDE—SELF-DEFENSE—LAWLESS CREATION OF NECESSITY—INSTRUCTIONS — QUALIFICATION—DECLINING STRUGGLE.—An instruction in a case of homicide, as to the law of self-defense, that "no man by his own lawless acts can create a necessity for self-defense, and thereupon, killing the person with whom he seeks the difficulty, interpose the plea of self-defense," and that "the plea of necessity is a shield for those only who are without fault in occasioning it and acting under it," though not a full exposition of the law, is not erroneous; and where the charge immediately qualifies it, by recognizing the circumstances under which one who is the first aggressor may kill and still be justified, after having honestly declined the struggle, the instructions are not ground for reversal of a judgment of conviction.

APPEAL from a judgment of the Superior Court of Los Angeles County.   B. N. SMITH, Judge.

The facts are stated in the opinion of the court.

*Ben Goodrich, T. E. Gibbon, W. H. Shinn,* and  *W. A. Harris,* for Appellant.

*W. F. Fitzgerald, Attorney General,* and *Henry E. Carter, Deputy Attorney General,* for Respondent.

HENSHAW, J.—The defendant, charged with murder and convicted of manslaughter, rests his appeal upon a single specification of error.   He contends that the court erred in giving the following instruction:

"In order to justify the homicide, the danger menacing the defendant must have been present, apparent, and imminent, and the killing must have been done under a well-founded belief that it was absolutely necessary for the defendant to kill the deceased, at that time, to save himself from great bodily harm.

"The apprehension of danger to life or limb which justifies a man for taking the life of another must be an honest one—one that is well-grounded, and must arise out of a reasonable cause; but a cause which originates in the fault of the person himself—in a quarrel which he has provoked, or in a danger which he has voluntarily brought upon himself by his own misconduct—cannot be considered reasonable or sufficient in law to support a well-grounded apprehension of imminent danger to his person. Error of apprehension the law overlooks when a man is called upon to act on appearances, but it does not overlook dishonesty of apprehension. Hence, a real or apparent necessity, brought about by the design, contrivance, or fault of the defendant, cannot be availed of as a defense for the commission of a crime.

"*And no man, by his own lawless acts, can create a necessity for acting in self-defense, and thereupon, killing the person with whom he seeks the difficulty, interpose the plea of self-defense. The plea of necessity is a shield for those only who are without fault in occasioning it and acting under it.*

"Undoubtedly, the defendant can show in justification that, although he brought upon himself an imminent danger, he, in the presence of that necessity, changed his mind and conduct, and honestly endeavored to escape from it, but could not without striking the mortal blow. But in the absence of such circumstances, when the defendant seeks and brings upon himself a difficulty with the deceased, in which he willingly continues until he involves himself in the necessity to kill, the law will not hold him guiltless. The right of self-defense which justifies a homicide does not include the right of attack."

It is insisted that this instruction is in legal intent

identical with that condemned in *People* v. *Button,* 106 Cal. 628; 46 Am. St. Rep. 259.

In *People* v. *Button, supra,* the instruction under review was the following:

"And no man, by his own lawless acts, can create a necessity for acting in self-defense, and then, upon killing the person with whom he seeks the difficulty, interpose the plea of self-defense, subject to the qualification next hereinafter set out. The plea of necessity is a shield for those only who are without fault in occasioning it and acting under it. The court instructs the jury that, if you are satisfied that there was a quarrel between the defendant and deceased, in which the defendant was the aggressor and first assaulted the deceased by means or force likely to produce, and actually producing, great bodily injury to the deceased, and that the defendant thereafter, in the same quarrel, fatally shot the deceased, then you must find the defendant guilty, subject to this qualification."

The vice of this, as the opinion clearly demonstrates, lies in its failure to recognize that circumstances might arise whereunder one who was the first aggressor might slay his opponent and still avail himself of the plea of self-defense, as after an honest withdrawal from the combat, which withdrawal was fairly made known to his adversary who thereafter forced a new strife upon him.

The qualification which the trial court gave to the instruction in the Button case, as the opinion declares, was not made evident by the record. Counsel for the state nowhere directed the attention of the court to the matter. The statement in the opinion that no explanation or qualification could validate it had reference to any explanation not embracing the principle expounded. This is too plain to need amplification. Any other interpretation would result in the merest stultification of language. It could be equivalent to saying that this court had held that no qualification could cure the incomplete instruction, while in the next sentence it proceeds to set forth the very modification which, if read

into the original instruction, would have made it a sound
enunciation of the law.  It is not to be supposed, in
other words, that if the explanation which the court
sets forth had been given with and as a part of the in-
struction in the Button case it would still have been
held to be erroneous.

But, as has been said, this court did not there have
the·qualification before it, and whether or not any par-
ticular qualification would have been sufficient to cure
the imperfection could not have been and was not
decided.

In the instruction here under consideration the part
italicized is in language identical with that of *People* v.
*Button, supra,* but with this all-important difference: the
court, in the next sentence and in immediate connection
with what it has said, proceeds to give the circumstances
under which one who is the first aggressor may kill and
still be justified.

If a judge should say to a jury: All contracts may rest
in and be proved by parol.   But there is this important
qualification: those required by the statute of frauds
and perjuries to be in writing must be evidenced by a
writing, etc.—it would not be held permissible to con-
sider the language piecemeal, and to say that the first
sentence contains an incorrectible error.

So here the general doctrine announced in the itali-
cized portion is defective merely by reason of its incom-
pleteness; but, when read with what immediately follows,
the whole is a fair declaration of the principle.

We do not mean by this to commend the instruction
as a full exposition of the law; nor to invite its con-
tinued use by trial judges; but merely declare that in
and of itself it contains no error.   It may be open to
some criticism for lack of clearness and for a failure
fully to expound the principles governing the right of
self-defense which will be found set forth at length in
*People* v. *Hecker,* 109 Cal. 451; but, while it may thus
fail in completeness, in so far as it goes it lays down no
erroneous doctrine.

. The judgment and order are affirmed.

Harrison, J., Van Fleet, J., Temple, J., McFarland, J., and Beatty, C. J., concurred.

Garoutte, J., dissenting.—I am compelled to dissent from the views of the majority of the court. No substantial difference is found when this instruction is compared with the respective instructions given in *People* v. *Button*, 106 Cal. 628, 46 Am. St. Rep. 259, and *People* v. *Conkling*, 111 Cal. 616, and a new trial was ordered in those cases, after a thorough consideration and discussion, for the reason that the law therein contained was bad. As was said in *People* v. *Button*, *supra*, the principle of law there declared was radically wrong, so wrong that qualification and explanation could not validate it; and the instruction here under consideration is so wrong and so unsound in so many ways as to place it beyond all help by qualification. There can be no qualification of it, and what is here termed by the court a qualification in no way qualifies, but is a contradiction pure and simple. Contradictory instructions being given to the jury, one containing good law and the other bad law, the cause must be reversed, for it is not for this court to say that the jury in making up its verdict acted upon one rather than the other. This principle is well settled and elementary.

Let us dwell for a moment upon this instruction. Among other things, the judge said to the jury: The apprehension of danger to life and limb, which justifies a man for taking the life of another, must arise from a cause which does not originate in the fault of the person himself, as in a quarrel which he has provoked. This statement is not a sound expression of the law. The judge further said: Hence a real or apparent necessity, brought about by the design, contrivance, or fault of the defendant, cannot be availed of as a defense for the commission of a crime. As to the word "fault," as

here used, the law is unsound.  Again, the judge says:
And no man by his own lawless acts can create a neces-
sity for acting in self-defense, and thereupon, killing
the person with whom he seeks the difficulty, interpose
a plea of self-defense.  This statement is wrong in law,
as the cases I have previously cited fully show.  Again,
the judge says:  The plea of necessity is a shield for
those only who are without fault in occasioning it and
acting under it.  This statement is but a repetition of
what goes before, and is legally unsound from any angle
at which it may be viewed.

The material part of the qualification which it is held
validates the entire instruction is as follows: "Undoubt-
edly the defendant can show in justification that, al-
though he brought upon himself an imminent danger,
he in the presence of that necessity changed his mind
and conduct, and honestly endeavored to escape from it,
but could not without striking the mortal blow."  It is
apparent that the word "necessity" should be read
"danger."  This instruction is no qualification of the
other one.  It is absolutely contradictory of it.  No
single statement of the first instruction can be true if
the so-called qualification be true.  It is impossible for
both to stand; one must go down.  A qualification is
not a contradiction, but a limitation or modification.
And here, if the second statement made by the judge
be true as a sound principle of law, the first must be
untrue.  With equal consistency and definiteness the
judge could have said to the jury: "All men are white;
undoubtedly, some men are black."  These instructions
are diametrically opposed to each other at all points,
and it would be a guess upon the part of this court for
it to say that the jury were guided in their deliberations
by the law as embodied in the "qualification," rather
than by the law given looking in the opposite direction.
Indeed, it may be said that the instruction including
the "qualification" could only serve the single purpose
of confusing the minds of the jurors; and, instead of

affording them light as to the law, left them groping in absolute and confusing darkness.

Hearing in Bank denied.