[Crim. No. 149.   In Bank.—August 14, 1896.]

THE PEOPLE, RESPONDENT, *v.* FRANK ROEMER, APPELLANT.

CRIMINAL LAW—APPEAL—SUPPORT OF VERDICT—CONFLICTING EVIDENCE. If there is evidence for the prosecution sufficient to sustain a verdict against the accused, the jury is the final arbiter of the facts, and its determination will not be disturbed upon appeal by reason of conflicting evidence on behalf of the defendant.

ID.—HOMICIDE—IMPEACHMENT OF DEFENDANT AS A WITNESS—CONTRADICTORY STATEMENTS.—Where a defendant accused of murder was asked upon direct examination if he had been charged with killing anybody, and answered that he had not, it is proper for the prosecution on cross-examination to lay the foundation for impeaching him by showing that he had stated that he had been accused of the murder of a man, but that they could not prove it against him.

ID.—SELF-DEFENSE — REFUSAL OF INSTRUCTION SUBSTANTIALLY GIVEN. — It is not error to refuse a proposed instruction upon the law of self-defense, where that law has been adequately set forth in the instructions given.

ID.—STATEMENT OF FACT IN INSTRUCTION—THREAT TO KILL.—A requested instruction which declares as a fact that the deceased had threatened to kill the defendant is properly refused.

ID.—LAWLESS CREATION OF NECESSITY—INSTRUCTION—QUALIFICATIONS— DECLINING STRUGGLE.—An instruction in a case of homicide, as to the law of self-defense, that "no man by his own lawless acts can create a necessity for self-defense, and thereupon, killing the person with whom he seeks the difficulty, interpose the plea of self-defense," and that "the plea of self-defense is a shield for those only who are without fault in occasioning it, and acting under it," though not a full exposition of the law, is not erroneous, and where the charge immediately qualifies it by recognizing the circumstances under which one who is the first aggressor 'may kill and still be justified, after having honestly declined the struggle, the instructions are not ground for reversal of a judgment of conviction.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   B. N. SMITH, Judge.

The instruction referred to in the fourth subdivision of the opinion of the court was as follows: "In order to justify the homicide, the danger menacing the defendant must have been present, apparent, and imminent, and the killing must have been done under a well-founded belief that it was absolutely necessary for the defendant to kill the deceased at that time to save himself from great bodily harm. The apprehension of danger to life or limb which justifies a man for taking the life of another must be an honest one—one that is well grounded, and must arise out of a reasonable cause; but a cause which originates in the fault of the person himself—in a quarrel which he has provoked, or in a danger which he has voluntarily brought upon himself, by his own misconduct, cannot be considered reasonable or sufficient, in law, to support a well-grounded apprehension of imminent danger to his person. Error of apprehension the law overlooks, when a man is called upon to act on appearances, but it does not overlook dishonesty of apprehension. Hence, a real or apparent necessity, brought about by the design, contrivance, or fault of the defendant, cannot be availed of as a defense for the commission of a crime. And no man, by his own lawless acts, can create a necessity for acting in self-defense, and thereupon, killing the person with whom he seeks the difficulty, interpose the plea of self-defense. The plea of necessity is a shield for those only who are without fault in occasioning it and acting under it. Undoubtedly, the defendant can show, in justification, that, although he brought upon himself an imminent danger, he, in the presence of that necessity, changed his mind and conduct, and honestly endeavored to escape from it, but could not without striking the mortal blow. But, in the absence of such circumstances, when the defendant seeks and brings upon him-

self a difficulty with the deceased, in which he willingly continues until he involves himself in the necessity to kill, the law will not hold him guiltless. The right of self-defense which justifies a homicide does not include the right of attack."

Further facts are stated in the opinion of the court.

*J. C. Rives*, and *Jones & Newby*, for Appellant.

A witness cannot be impeached by evidence of particular wrongful acts, nor questioned about matters as to which he was not interrogated in his examination in chief; and a defendant, when offering himself as a witness, is subject to the same rules as any other witness. (Code Civ. Proc., secs. 2048, 2051; Pen. Code, sec. 1323; *People* v. *O'Brien*, 66 Cal. 602; *People* v. *Bishop*, 81 Cal. 116; *People* v. *Wong Ah Leong*, 99 Cal. 440; *People* v. *Chin Hane*, 108 Cal. 597, 607; *Evans* v. *De Lay*, 81 Cal. 103; *Sharon* v. *Sharon*, 79 Cal. 633; *Jones* v. *Duchow*, 87 Cal. 109.) The court erred in giving the instruction in regard to lawless acts creating a necessity for self-defense, couched in the exact language recently held by this court to be bad law. (*People* v. *Button*, 106 Cal. 635; 46 Am. St. Rep. 259.) The court also erred in refusing to give the instruction requested by defendant as to his reasonable apprehension and belief of the purpose of deceased to kill him, and the necessity of self-defense. (*People* v. *Barry*, 31 Cal. 357; *People* v. *Johnson*, 61 Cal. 142.) The verdict was contrary to law and the evidence.

*W. F. Fitzgerald*, Attorney-General, *Henry E. Carter*, Deputy Attorney General, and *C. N. Post*, Deputy Attorney General, for Respondent.

The court did not err in overruling defendant's objection to the question asked defendant as to whether he had ever been charged with killing anybody, as it was proper cross-examination for the purpose of impeachment. (Code Civ. Proc., sec. 2052; *People* v. *Lawrence*, 21 Cal. 371; *People* v. *De Witt*, 68 Cal. 586; *People* v.

*Devine*, 44 Cal. 452; *People* v. *Nyland*, 41 Cal. 132.) A defendant can be cross-examined as fully as any other witness on what was educed upon his examination in chief. (Pen. Code, sec. 1323; *People* v. *O'Brien*, 66 Cal. 602; *People* v. *Rozelle*, 78 Cal. 89; *People* v. *McGungill*, 41 Cal. 431; *People* v. *Dennis*, 39 Cal. 634; *People* v. *Russell*, 46 Cal. 121; *People* v. *Reinhart*, 39 Cal. 449; *People* v. *Johnson*, 57 Cal. 571; *People* v. *Beck*, 58 Cal. 212.) It is not necessary that each instruction should fully state the law of the case; but an instruction may be helped out and explained by another on the same point, and in such a case the court will look to all the instructions *in pari materia*, for the purpose of determining whether the law has been correctly given to the jury. (*People* v. *Morine*, 61 Cal. 370; *People* v. *Clark*, 84 Cal. 583; *People* v. *Bruggy*, 93 Cal. 484.) There was no error in refusing to give defendant's proposed instruction as to defendant's apprehension and belief that deceased was about to execute his threat to kill defendant, etc., as that part of it which is law was substantially given in the instructions of the court. (*People* v. *Cockran*, 61 Cal. 550; *People* v. *Hong Ah Duck*, 61 Cal. 394; *People* v. *Williams*, 32 Cal. 280; *People* v. *Ramirez*, 56 Cal. 538; *People* v. *Strong*, 30 Cal. 151; *People* v. *Kelly*, 28 Cal. 423; *People* v. *Hobson*, 17 Cal. 424; *People* v. *Douglass*, 100 Cal. 5.) The evidence justified the verdict.

Henshaw, J.—The defendant, charged with murder and convicted of murder in the second degree, presents these appeals from the judgment and from the order denying him a new trial.

The killing was admitted, and the plea was self-defense.

1. It is first claimed that the verdict is against the evidence. But without detailing the accounts of the different witnesses, which could serve no useful purpose, a critical examination of the record shows that the evidence is ample to sustain the verdict. The testimony for the defense raises, as is not unusual, a sharp conflict,

but, in such cases, under the well-settled rule the jury is the final arbiter of the facts, and its determination cannot here be disturbed.

2. Defendant, upon direct examination, was asked by his counsel if he had ever been charged with killing anybody, and answered that he had not. Upon cross-examination he was asked, after the proper foundation had been laid, whether he had not stated that he had been accused of the murder of a man, but that they could not prove it against him. The question was not permissible, generally, upon cross-examination. But in this case the defendant had opened the door and invited the inquiry by his own testimony, and it became permissible to refute that testimony by direct evidence to the contrary, or to impeach it by showing contrary declarations made by him. (Code Civ. Proc., sec. 2052.)

3. Defendant proposed the following instruction, which was refused by the judge as having been given before: "If you believe that the defendant at the time of the killing had a reasonable apprehension and belief that deceased was about to execute his threat to kill him, and that it was necessary for the protection of his own life that he should kill deceased, though defendant had resolved to kill deceased before the fatal shot was fired, the killing was not murder, and your verdict should be not guilty."

The law of self-defense had been adequately set forth. Aside from other objections to the proposed instruction. it is erroneous in declaring as a fact that deceased had threatened to kill defendant.

4. The court gave an instruction identical in language with that considered in *People* v. *Kennett, ante,* p. 18. This was not error.

The judgment and order are affirmed.

HARRISON, J., VAN FLEET, J., TEMPLE, J., McFARLAND, J., and BEATTY, C. J., concurred.

GAROUTTE, J., dissented.