[Crim. No. 329. Department Two.—January 25, 1898.]

## THE PEOPLE, Respondent, v. JAMES B. COLON, Appellant.

CRIMINAL LAW—APPEAL—ABSENCE OF NOTICE FROM TRANSCRIPT—CERTIFICATE
OF CLERK—DISMISSAL.—Where the transcript on appeal in a criminal
case, contains no copy of the notice of appeal, and does not show that
any notice of appeal was served, the clerk merely certifying that the
transcript sets forth true copies of the information, etc., "and also
of the notice of appeal duly filed herein," there being nothing in
the record to show from what the appeal was taken, or that the
notice was served upon the attorney for the adverse party, the ap-
peal cannot be considered, and must be dismissed.

APPEAL from a judgment of the Superior Court of Solano
County and from an order denying a new trial. A. J. Buckler,
Judge.

The facts are stated in the opinion.

Coghlan & Harvey, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson,
Deputy Attorney General, for Respondent.

BELCHER, C.—The defendant was convicted of the crime of
grand larceny, charged to have been committed on the eighth
day of June, 1897, in the county of Solano, by feloniously steal-
ing, taking, and carrying away from the person of one Charles
Miller the sum of thirty-six dollars, lawful money of the United
States. He moved for a new trial, upon the ground that the
evidence was insufficient to establish his guilt beyond a reason-
able doubt, and his motion was denied. Thereupon the court
pronounced judgment that he be imprisoned in the state prison
at Folsom for the period of one year.

In the transcript presented here no copy of any notice of ap-
peal, is set out, and the only reference to any such notice is that
found in the certificate of the clerk of the court below attached
to the transcript, in which he certifies "the foregoing to be full,
true, and correct copies of the information," etc., "and also of
the notice of appeal duly filed herein."

As the record contains no copy of any notice of appeal, and
as it cannot therefore be seen from what the appeal was taken,

or that the notice was ever served upon the attorney of the adverse party, the attorney general suggests that there is nothing before this court for its consideration, and asks that the appeal be dismissed.

Section 1240 of the Penal Code provides: "An appeal is taken by filing with the clerk of the court, in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, and serving a copy thereof upon the attorney of the adverse party."

In *People v. Phillips*, 45 Cal. 44, it did not appear that any notice of appeal was filed or served, except by a recital in the bill of exceptions, in which it was stated that "a notice of appeal had been duly given." It was held that "a recital in a bill of exceptions that a notice of appeal has been served and filed is no evidence that an appeal has been taken"; and it was ordered that the submission be set aside and the cause stricken from the calendar.

In *People v. Bell*, 70 Cal. 33, it is said: "The transcript herein does not show that the notice of appeal was served on anyone. The law requires that it shall be served on the attorneys of the adverse party (Pen. Code, sec. 1240), and the transcript on appeal must show it. (Citing *People v. Phillips, supra,* and *People v. Clark*, 49 Cal. 455.) This not being the case, the appeal cannot be considered."

In view of the foregoing authorities the appeal in this case cannot be considered. It should therefore be dismissed.

Haynes, C., and Britt, C., concurred.

For reasons given in the foregoing opinion the appeal is dismissed.

Henshaw, J., McFarland, J., Temple, J.