[Crim. No. 494.  In Bank.—June 2, 1899.]

THE PEOPLE, Respondent, v. WILLIAM FARLEY, Appellant.

CRIMINAL LAW—HOMICIDE—EVIDENCE—OPINION OF SURGEON.—Upon the trial of a defendant accused of murder, where it appeared that the fatal bullet passed through the left arm of the deceased, about five inches from the point of the shoulder, and, passing through his body, came out at the right arm-pit, opinion evidence of the surgeon performing the autopsy that the left arm of the deceased must have been hanging down by his side when the shot was fired is inadmissible, but not harmful, if not contradicting the evidence for the defendant; but his opinion that, when the deceased was shot, he could not have been standing erect, for which there was no ground, is harmful error, where it appears that the defendant testified that deceased, when shot, was standing up and striking at him with his knife.

ID.—ERRONEOUS INSTRUCTION—SELF-DEFENSE—PROVOKING QUARREL—NECESSITY BROUGHT ABOUT BY DESIGN OR FAULT.—An instruction to the effect that one who has provoked a quarrel cannot have a well-grounded apprehension of imminent danger to his person, and that a real or apparent necessity brought about by the design, contrivance, or fault of the defendant, cannot be availed of as a defense for the commission of a crime, is erroneous, and was expressly disapproved in *People v. Conkling*, 111 Cal. 625.

ID.—IRRELEVANT THREATS OF DECEASED.—Threats of the deceased not communicated to the defendant, or not appearing to have related to the defendant, are irrelevant, and may properly be stricken out.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Bledsoe & Bledsoe, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

BEATTY, C. J.—The defendant was accused by information of the crime of murder and found guilty of manslaughter. He appeals from the judgment and from an order denying his motion for a new trial.

It appears from the evidence in the record that a quarrel had occurred between the defendant and the deceased early in the morning, in which the deceased was very insulting and abusive and wholly in the wrong. This quarrel was renewed after some interval of time, apparently by the fault of the deceased, and a fight ensued, in which the defendant was worsted. The parties being separated by the bystanders, the deceased continued to threaten and abuse the defendant, who thereupon borrowed a pistol from an acquaintance. Within half an hour after borrowing the pistol he again encountered the deceased. The evidence is conflicting as to what then occurred. According to the evidence of the defendant himself, the deceased assailed him with a foul epithet and immediately attacked him with a pocket knife, which he had open in his hand. He says that he warned deceased that he had a pistol; that the deceased grasped his pistol with his left hand and cut him with his knife; that he jerked the pistol away from deceased and fired once, when the deceased turned away and passed into a store near which they were standing. In respect to these matters the defendant is partly corroborated and in part contradicted by his own witness—and they each contradicted themselves upon minor points.

From all the testimony it seems pretty clear that but one shot was fired, and that the fatal bullet passed through the left arm of the deceased about five inches from the point of the shoulder, and thence directly through his body from left to right, making its exit at the right arm-pit. Death ensued in a few minutes, the deceased making no dying statement.

The first error assigned is the admission over the objection of defendant of the evidence of the surgeon performing the autopsy, that the left arm of the deceased must have been hanging down by his side when the fatal shot was fired. The ruling of the court upon this point was erroneous (*People v. Milner,* 122 Cal. 181; *People v. Smith,* 93 Cal. 445; *People v. Westlake,* 62 Cal. 303), but can scarcely have been harmful. It was not introduced for the purpose of contradicting defendant's account of the struggle, for he had not then testified; and in point of fact it did not contradict him, for the fact that the arm of the deceased was hanging by his side when the shot was fired is not

at all inconsistent with the statement of the defendant that a moment before deceased had been grasping his pistol with his left hand. Besides, it is perfectly evident that, although the witness stated in terms that the arm was hanging down, he only meant that the wounded upper arm must have been by the side of the body in order that one bullet should pass directly through arm and chest, and this, it is conceded, must necessarily have been the case. If defendant or his counsel had desired to show that, although the upper arm was by the side of the body, the forearm might have been extended, this could have been done by a single question on cross-examination. If there were no other error in the case I should be reluctant to say that this particular ruling justified a reversal of the judgment. But this witness was further interrogated by a juror, and, replying to him, volunteered the opinion that when the deceased was shot he could not have been standing erect. There was no call for this opinion, and apparently no ground for it, and the court, on motion of defendant's counsel, struck it out, but the witness repeated it in a modified form, and it was not again stricken out. Although it seems to have been pretty thoroughly demolished on the cross-examination, it is not clear that it could not have prejudiced the case of the defendant, who testified that deceased at the moment that he was shot was standing up and striking at him with his knife.

The court also erred in giving the following instruction: "The apprehension of danger to life or limb which justifies a man in taking the life of another must be an honest one—one that is well grounded, and must arise out of a reasonable cause; but a cause which originates in the fault of the person himself—in a quarrel which he has provoked, or in a danger which he has voluntarily brought upon himself, by his own misconduct—cannot be considered reasonable or sufficient in law to support a well-grounded apprehension of imminent danger to his person. Error of apprehension the law overlooks, when a man is called upon to act on appearances, but it does not overlook dishonesty of apprehension; hence, a real or apparent necessity brought about by the design, contrivance or fault of the defendant cannot be availed of as a defense for the commission of a crime."

This instruction is copied from a portion of Justice McKee's opinion in *People v. Westlake, supra,* which was never concurred in by a majority of the court, and which was expressly disapproved in *People v. Conkling,* 111 Cal. 625, for reasons there stated, and upon grounds discussed in *People v. Button,* 106 Cal. 628, 46 Am. St. Rep. 259, and *People v. Hecker,* 109 Cal. 451.

The court did not err in striking out a portion of the testimony of the witness Case. The threats to which this testimony related were not only never communicated to the defendant, but they do not appear to have related to him. If they had been directed against the defendant, the fact that they were not communicated would not have rendered them irrelevant in a case like this where the question was, who commenced the deadly affray, but vague expressions of the character of those testified to, made at a time not specified and respecting persons not named, were clearly irrelevant.

As to the objection to the sufficiency of the evidence to sustain the verdict, that is answered by what is said in *People v. Milner,* 122 Cal. 171, and *People v. Phelan, supra.*

For the errors above noticed the judgment and order appealed from are reversed and the cause remanded.

McFarland, J., Temple, J., Henshaw, J., Harrison, J., Van Dyke, J., and Garoutte, J, concurred.