[Crim. No. 528.   Department One.—June 10, 1899.]

THE PEOPLE, Respondent, v. FRANK MILLER, Appellant.

CRIMINAL LAW—HOMICIDE—CHALLENGE TO JUROR—NEWSPAPER REPORTS—PRIVATE STATEMENTS.—A challenge to a juror upon the trial of a defendant accused of murder, for actual bias, should be sustained, where the juror upon his *voir dire* states that besides reading newspaper accounts of the killing, he had heard statements of persons whom he had known for years, and who said they were true, and he believed them, though they might be mistaken, and that he would commence the trial of the case with an impressional opinion unfavorable to the defendant from what he had read and heard, subject to be changed upon the introduction of almost any evidence that would disprove it.

ID.—RIGHT TO IMPARTIAL JURY—EXCEPTION TO COMMON-LAW RULE—AFFIRMATIVE SHOWING.—The only exception to the common-law rule that the defendant is entitled to an impartial jury is declared in section 1076 of the Penal Code; and to sustain such exception the opinion of the juror must affirmatively appear to

be founded alone upon public rumors, statements in public journals, or common notoriety.

ID.—SELF-DEFENSE—NECESSITY INDUCED BY FAULT—USE OF INSTRUCTION DISAPPROVED.—The instruction upon the law of self-defense, as to necessity induced by the fault of the defendant, taken bodily from the cases of *People v. Kennett*, 114 Cal. 18, and *People v. Roemer*, 114 Cal. 51, is unsound, aside from the qualification therein expressed; and though not erroneous, if given with that qualification, no good purpose can be subserved by giving it, and it should never be given.

APPEAL from a judgment of the Superior Court of Lassen County and from an order denying a new trial. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

E. V. Spencer, and H. D. Burroughs, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of murder and sentenced to imprisonment for life. He now claims that a challenge interposed to the juror De Forest upon the ground of actual bias should have been allowed. The attorney general in his brief sums up the evidence of the juror upon his *voir dire* examination; this summation is a fair one, and fully as favorable to the people as the circumstances justify: Upon examination the juror said: "That he had read newspaper accounts of the killing; had heard the matter discussed by persons, but did not know whether such persons assumed to know the facts or not, but they made certain statements which they said were true. He did not know whether such statements were true or not. From what he had heard and read he had formed an opinion rather unfavorable to defendant—that is, if what he had heard and read was true. He did not know deceased nor who the witnesses were. It would take a little evidence to remove the opinion he had. He had no reason to disbelieve the statements he had heard. The only impression he had about the case was a sort of impressionable opinion formed from the statements he had heard from others. If sworn as a juror he would try to lay aside his opinion entirely and act solely and entirely upon

the evidence. He could not entirely dismiss the opinion from his mind. He was not a man that made up his mind from newspaper reports and rumors. His opinion would not have great weight with him in trying the case. He would commence the trial of the case with an impressional opinion subject* to be changed upon the introduction and production of almost any evidence that would disprove it. He would regard the statement he had heard as entitled to but little weight. The statements were made by parties he had known for years, and whom he believed were telling the truth, and he believed them. He had some idea that they might be mistaken. He would take the instructions of the court as to the law."

Upon the foregoing state of facts the challenge to the juror upon the ground of actual bias should have been allowed. The juror went into the box with an opinion that the defendant was guilty. Such condition of the juror's mind was an absolute disqualification at common law. Under the Penal Code of this state, a single exception is found to the common-law rule, and that exception is declared in section 1076. This juror was clearly disqualified, unless he came within the provisions of the aforesaid section. The exception found in the law covers the single case where the opinion of the juror is "founded upon public rumor, statements in public journals, or common notoriety," and it further appears to the court from the declarations of the party under oath, that he can and will, notwithstanding his opinion, act impartially and fairly upon the matters submitted to him. The court is not allowed to hold that a juror is qualified when he is impressed with an opinion as to the guilt or innocence of a defendant, unless that opinion is based alone upon one or more of the cases enumerated in the aforesaid section of the code. When the opinion is based upon one or more of these causes, then the court has a wide margin allowed it in weighing, measuring, and testing the party's declarations for the purpose of ascertaining his fairness and impartiality in passing upon the defendant's guilt or innocence. And here, if it appeared from the evidence that the opinion of the juror had been formed from public rumors, newspaper articles, or common notoriety, the finding of the court as to his competency probably would not be disturbed; but we have no such showing. As far as this record discloses, any one of the parties with whom the juror

conversed as to the circumstances of the killing may have been an eye-witness to the tragedy and an important witness at the trial. The record must show affirmatively a contrary state of facts to this, or the exception in section 1076 to the common-law rule cannot be invoked. There is nothing in the evidence which would justify the conclusion that the opinion of the juror was founded alone upon public rumors, statements in public journals, or common notoriety. This case, in principle, is directly in line with *People v. Wells,* 100 Cal. 227. It is there said: "But in order that a juror, disqualified at common law by reason of having previously formed an opinion as to the guilt or innocence of the accused, may come within this provision of the statute, it must appear affirmatively to the court from the evidence befor it that such opinion is formed from public rumors or statements of public journals, or common notoriety."

Some other jurors were placed in the box whose competency came close to the border line, but it becomes unnecessary to consider the questions involved as to them.

The trial court gave an instruction to the jury upon the law of self-defense. This instruction was taken bodily from the cases of *People v. Kennett,* 114 Cal. 18, and *People v. Roemer,* 114 Cal. 51, where it was approved by a divided court. At the same time it was substantially said in the Kennett case that "trial judges are not advised to make further use of it." This instruction, aside from the qualification contained therein, is unsound. (See *People v. Button,* 106 Cal. 628; 46 Am. St. Rep. 259; *People v. Conklir,* 111 Cal. 616; *People v. Farley,* 124 Cal. 594. In the Roemer and Kennett cases it was held that this mass of bad law was so neutralized, and enriched for the better, by a qualification found at the end of the instruction as not to be absolutely vicious. To work such a result the qualification must have been held by the court to have had the effect of a very powerful antidote. But, in view of the holding made in those cases, the giving of the instruction here does not constitute error. Yet no good purpose can ever be subserved by giving it, and it should never be done. There is nothing further disclosed by the record demanding the consideration of the court.

For the foregoing reasons the judgment and order are reversed, and the cause remanded for a new trial.

Van Dyke, J., and Harrison, J., concurred.