[Crim. No. 1266. In Bank.—February 26, 1906.]

THE PEOPLE, Respondent, v. HARRY BROWN, Appellant.

CRIMINAL LAW—APPEAL—FAILURE OF RECORD TO SHOW SERVICE OF NOTICE.—Where the transcript on appeal in a criminal case fails to show that the notice of appeal was served on any one, and the omission and error was called to appellant's attention by respondent's brief, and no effort was made to cure the omission, it must be concluded that no service was made, and that this court is without jurisdiction to consider the appeal.

ID.—CHALLENGES TO JURORS FOR CAUSE—OPINIONS FROM RUMORS AND NEWSPAPER REPORTS—DISQUALIFICATION NOT SHOWN.—Challenges by the defendant to jurors for cause, who testified that they had formed opinions from rumors and newspaper reports, which it would require evidence to remove, but that they would, if sworn as jurors, set aside their opinions and be influenced solely by the evidence and the law, and would require the prosecution by the evidence to prove the guilt of the defendant beyond a reasonable doubt, or they "would vote to set him free," do not show that the jurors were disqualified, and were properly disallowed.

APPEAL from a judgment of the Superior Court of Del Norte County and from an order denying a new trial. J. L. Childs, Judge.

The facts are stated in the opinion of the court.

E. E. Winters, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

HENSHAW, J.—Defendant was tried and convicted of the crime of murder, and the death penalty was imposed. He appeals from the judgment and from the order denying his motion for a new trial.

Section 1240 of the Penal Code provides that in a criminal case "appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, and serving a copy thereof upon the attorney of the adverse party." In *People* v. *Colon,* 119 Cal. 668, [51 Pac. 1082], it was held that the proceedings specified in section 1240 must be taken to confer upon this court jurisdiction to hear and determine the appeal. *People* v. *Colon* quotes from *People* v. *Bell,* 70 Cal. 33, [11 Pac. 327], where it is said: "The transcript herein does not show that the notice of appeal was served on anyone. The law requires that it shall be served on the attorneys of the adverse party (Pen. Code, sec. 1240), and the transcript on appeal must show it. (*People* v. *Phillips,* 45 Cal. 44; *People* v. *Clark,* 49 Cal. 455.) This not being the case, the appeal cannot be considered." As this omission and error was called to appellant's attention by respondent's brief, and as no effort has been made to cure the omission or to show

that service was in fact made, it must be concluded that no service was made, and that the court is without jurisdiction to consider this appeal.

It may, however, be added that this court in its natural reluctance to deny a hearing to an appellant under sentence of death, has carefully examined the alleged errors presented upon the appeal, and find them, one and all, to be without merit. The single proposition presented upon the appeal is that the court erred in its rulings to the challenges of defendant to certain of the jurors, which challenges, after examination, were interposed for cause. The defendant had exhausted his peremptory challenges. As to each of the jurors the case was the usual one, where they had heard common rumors and reports and had read the newspapers. From these rumors and from their reading, they had formed opinions which would require evidence to remove. At the same time they could and would, if sworn as jurors, set aside their opinions and be influenced solely by the evidence and by the law, and would require the prosecution by its evidence to prove the guilt of the defendant beyond a reasonable doubt, or they would "vote to set him free." The case thus presented comes within the rule as declared in *People* v. *Owens*, 123 Cal. 482, [56 Pac. 251], and *People* v. *Miller*, 125 Cal. 44, [57 Pac. 770], where upon a like state of the evidence it was declared that the jurors were not disqualified.

For the foregoing reasons the judgment and order appealed from are affirmed.

McFarland, J., Angellotti, J., Shaw, J., and Lorigan, J., concurred.