[Crim. No. 133. First Appellate District.—June 30, 1908.]

## THE PEOPLE, Respondent, v. HARRY FINERTY, Appellant.

CRIMINAL LAW—APPEAL—SERVICE OF NOTICE NOT SHOWN—DISMISSAL. When the record upon appeal in a criminal case does not show that the notice of appeal was served on the attorney for the respondent, and no effort is made by the appellant to show that there was service thereof, in fact, the appellate court must conclude that it was not made, and the appeal must be dismissed.

ID.—MANDATORY PROVISION OF CODE—JURISDICTION.—The provision of section 1240 of the Penal Code as to the mode of taking an appeal, including the filing of the notice, and ''serving a copy thereof upon the attorneys for the adverse party,'' is mandatory, and a compliance therewith is necessary to confer jurisdiction of the appeal.

ID.—EXAMINATION OF RECORD—PREJUDICIAL ERROR NOT SHOWN—AFFIRMANCE.—The court having, notwithstanding the defect in failure to serve the notice of appeal, in view of the nature of the case, examined the record, and failed to find any prejudicial error therein, the judgment and order denying a new trial appealed from are affirmed, instead of a formal dismissal of the appeal.

APPEAL from a judgment of the Superior Court of the County of Fresno, and from an order denying a new trial. H. Z. Austin, Judge.

. The facts are stated in the opinion of the court.

Hinds & Ingersoll, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

KERRIGAN, J.—The defendant was by information charged with robbery jointly with one Charles Washburn. He was tried separately, convicted and sentenced to fifty years in the penitentiary. This appeal is from the judgment and from an order denying his motion for a new trial.

The record herein does not show that the notice of appeal was served on the attorney for the respondent; and as no effort has been made to show that there was in fact service, we must conclude that it was not made, and the appeal must therefore be dismissed.

Section 1240 of the Penal Code is as follows: "An appeal is taken by filing with the Clerk of the court in which the judgment or order appealed from is entered or filed a notice stating the appeal from the same, and serving a copy thereof upon the attorneys for the adverse party."

This provision is mandatory, and is necessary to confer jurisdiction.

In the case of *People* v. *Brown,* 148 Cal. 743, [84 Pac. 204], this precise question arose,. and the court refused to consider the appeal. The court there said: "In *People* v. *Colon,* 119 Cal. 668, [51 Pac. 1082], it was held that the proceeding specified in section 1240 must be taken to confer upon this court jurisdiction to hear and determine the appeal. *People* v. *Colon* quotes from *People* v. *Bell,* 70 Cal. 33, [11 Pac. 327], where it is said: 'The transcript herein does not show that notice of appeal was served on anyone. The law requires that it shall be served on the attorneys of the adverse party (Pen. Code, sec. 1240), and the transcript on appeal must show it.' (*People* v. *Clark,* 49 Cal. 455; *People* v. *Phil-*

*lips,* 45 Cal. 44.)    This not being the case the appeal cannot be considered."

Notwithstanding this defect, considering the nature of the case, we have examined with care the points urged by appellant, and after such examination we are convinced that the record does not disclose any prejudicial error.    The case seems to have been fairly tried, and the judgment should not be disturbed.

The judgment and order are affirmed.

Cooper, P. J., and Hall, J., concurred.