THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN MARTÍNEZ, Defendant and Appellant.

No. 7167. Argued July 19, 1938.—Decided July 20, 1938.

*Juan Valldejuli Rodríguez* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

On the 4th of February of last year the District Court of San Juan entered a judgment in this case whereby the defendant was sentenced to pay a fine of $50 and in default of such payment to be confined in jail one day for each dollar left unpaid. Feeling aggrieved by that judgment, the defendant filed on the same day in the office of the clerk of the lower court a notice of appeal, which was not served on the district attorney. In spite of the time elapsed since the taking of the appeal, the defendant has not as yet filed a transcript of the evidence or statement of the case, and is at present at liberty under bond.

The prosecuting attorney (*Fiscal*) of this court has moved to dismiss the appeal on the ground that appellant has failed to give notice of appeal to the district attorney and has failed to file the transcript of the evidence or statement of the case in the lower court. After notice of the motion to dismiss had been served, the defendant filed through his attorney, Mr. J. Valldejuli, a written opposition, in which among other reasons for not dismissing the appeal, he states:

1. That since this case was begun by complaint in the municipal court, it was not necessary on appeal from the judgment entered by the district court, to serve the district attorney with a copy of the notice of appeal, a requirement which, as appellant contends, is applicable only to cases originating in the district courts.

2. Because the defendant was not represented by an attorney in the district court due to his lack of financial resources and was ignorant of the statutory provisions with respect to the manner of taking an appeal, the defendant now praying that he be granted a new term of thirty days to file the transcript of evidence in this Supreme Court.

Defendant sets forth other grounds, attacking the validity of the order of the Public Service Commission on which the judgment was based, questions which, as we shall see further on, need not be considered in this proceeding.

██ Section 3 of the Code of Criminal Procedure provides that "All cases that are triable before the justices of the peace, or before the municipal courts, when appealed to the district court, shall be tried on the original complaint and warrant, and the trial in the district court shall be *de novo.*" The effect is that when the case is appealed to the district court, it is there tried *de novo*, exactly the same procedure being followed as is provided for other cases of misdemeanors, originating in the latter court, with the single exception that in the latter cases the charge is presented by information of the prosecuting attorney, while in those originating in municipal courts the complaint is retained on the trial in the district court. The statute establishes no difference, in appeals to this court from judgments of the district courts, between misdemeanors originating in municipal courts and those originally tried in a district court. The procedure is the same in both cases, and among the sections governing the matter is section 350 of the Code of Criminal Procedure, which provides:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, *and serving a copy thereof upon the attorney of the adverse party.*" (Italics ours).

The question raised by counsel for the defendant as to the necessity for serving the notice of appeal on the pros-

ecuting attorney is not new in this jurisdiction. In the case of *People* v. *Rubio,* 44 P.R.R. 866, involving an offense of abandonment and neglect of children, a misdemeanor heard in the first instance in the municipal courts, the defendant in appealing from a judgment of conviction by the District Court of San Juan, notified the district attorney with a copy of the notice of appeal by mail. There was a motion to dismiss the appeal on the ground that a copy of the notice of appeal had not been delivered personally to the district attorney. The defendant did not in any way prove that the notice of appeal had reached the hands of the district attorney, and since the Code of Criminal Procedure does not authorize service by mail in criminal cases, the case was considered as though the notice of appeal had not been served on the district attorney. In deciding the question raised by the failure to serve the notice of appeal, this court speaking through Mr. Chief Justice Del Toro, said:

"There is no question as to the necessity of serving the notice of appeal on the prosecuting attorney in order that this court may acquire jurisdiction of the appeal. This Supreme Court has repeatedly held that *if such service is not made, the court has no jurisdiction* and the appeal must be dismissed without being heard. (Italics ours).

In the same case of *People* v. *Rubio,* this court cited with approval from the case of *People* v. *Brown,* 148 Cal. 743, as follows:

" 'The transcript herein does not show that the notice of appeal was served on any one. The law requires that it shall be served on the attorneys of the adverse party (Penal Code, sec. 1240), and the transcript on appeal must show it. (*People* v. *Phillips,* 45 Cal. 44; *People* v. *Clark,* 49 Cal. 455). This not being the case, the appeal cannot be considered.' As this omission and error was called to appellant's attention by respondent's brief, and as no effort has been made to cure the omission or to show that service was in fact made, it must be concluded that no service was made, and that the court is without jurisdiction to consider this appeal."

554

Since the requirement that notice of appeal be given to the district attorney is jurisdictional in character, this court has acquired no jurisdiction to consider the appeal since notice was not given, and, whatever be the merits, we feel ourselves obliged to dismiss the appeal for lack of jurisdiction, and cannot by the same token consider the other questions raised by the defendant in his opposition to the motion to dismiss.

For the reasons stated the appeal taken by the defendant in this case from the judgment of the District Court of San Juan sentencing him to pay a fine of $50 and, and in default of such payment, to be confined in jail one day for each dollar left unpaid, must be dismissed, and the motion for a renewal of the term to file the transcript of the evidence is denied.